# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| IN RE: ASBESTOS LITIGATION | ) |
| | ) |
| **JAMES MUSE and CLARICE** | ) |
| **ROBERTS-MUSE,** | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) C.A. No. N13C-06-232 ASB |
| | ) |
| **HONEYWELL INTERNATIONAL** | ) |
| **INC.,** | ) |
| *et al.,* | ) |
| Defendants. | ) |

Submitted: December 5, 2014
Decided: December 31, 2014

## ORDER ON PLAINTIFFS' MOTION FOR REARGUMENT OF THE ORDER GRANTING SUMMARY JUDGMENT TO DEFENDANT HONEYWELL INTERNATIONAL INC.

AND NOW this 31st day of December, 2014, having read and considered Plaintiffs' Motion for Reargument of the Order Granting Summary Judgment to Defendant Honeywell International Inc. ("Honeywell") (D.I. #198; Trans. I.D. # 56317363),[1] the response thereto, and any supplements thereto, **IT IS HEREBY**

---

[1] This Court heard and granted Honeywell's summary judgment motion in a bench ruling that was reflected in the Prothonotary's notes docketed that same day. The Court thereafter signed parties' agreed-upon formal form of order granting summary judgment to Honeywell. Plaintiffs then moved for reargument. Honeywell raised a timeliness issue in its response to the reargument motion. Having reviewed the record in this matter, the Court, in this specific instance, deems the reargument motion timely filed.

**ORDERED** that the Motion for Reargument is **DENIED** for the following reasons:

Superior Court Civil Rule 59(e) permits the Court to reconsider its findings of fact, conclusions of law, or judgments.[2] It is not a device for raising new arguments or rehashing those already presented.[3] And a motion for reargument will be denied unless the Court has "overlooked controlling precedent or legal principles," or "misapprehended the law or facts such as would have changed the outcome of the underlying decision."[4] The party seeking reargument has the burden to show newly discovered evidence, a change in the law, or manifest injustice.[5] Upon a Rule 59(e) reargument motion, the Court "will determine from the motion and answer whether reargument will be granted."[6]

Plaintiffs contend the Court misapprehended certain salient facts when it granted Honeywell summary judgment. Applying New Jersey precedent, this

---

[2] *Bd. of Managers of the Delaware Criminal Justice Info. Sys. v. Gannett Co.*, 2003 WL 1579170, at *1 (Del. Super. Ct. Jan. 17, 2003), *aff'd in part*, 840 A.2d 1232 (Del. 2003) (internal citation omitted).

[3] *Citimortgage, Inc. v. Bishop*, 2011 WL 1205149, at *1 (Del. Super. Ct. Mar. 29, 2011); *Reid v. Hindt*, 2008 WL 2943373, at *1 (Del. Super. Ct. July 31, 2008).

[4] *Gannett Co.*, 2003 WL 1579170, at *1; *Brenner v. Village Green, Inc.*, 2000 WL 972649, at *1 (Del. Super. Ct. May 23, 2000) (only issue on motion for reargument is whether Court "overlooked something that would have changed the outcome of the underlying decision").

[5] *Reid*, 2008 WL 2943373, at *1.

[6] Super. Ct. Civ. R. 59(e).

Court found Plaintiffs' evidence of Plaintiff, James Muse's, exposure to asbestos-containing Bendix brakes insufficient as a matter of law.

To survive a motion for summary judgment under New Jersey law in an asbestos case, a plaintiff must demonstrate frequent and regular exposure in close proximity to friable asbestos that the named defendant manufactured or distributed.[7] Further, a plaintiff alleging mesothelioma from exposure in New Jersey may establish causation through "sufficient direct or circumstantial evidence" that "sometime during [the Plaintiff's] work history," he or she "came in close proximity and was exposed to [defendant's asbestos-containing products] frequently and on a regular basis."[8] Even in light of this standard for mesothelioma cases, the Court could not find sufficient evidence here to support an inference that Mr. Muse worked with asbestos-containing Bendix brakes on the required frequent and regular basis.

---

[7] *Sholtis v. American Cyanamid Co.*, 568 A.2d 1196, 1207-08 (N.J. Super. Ct. App. Div. 1989) (plaintiff must "produce evidence from which a fact-finder, after assessing the proof of frequency and intensity of plaintiff's contacts with a particular manufacturer's friable asbestos, could reasonably infer toxic exposure").

[8] *Buttitta v. Allied Signal, Inc.*, 2010 WL 1427273, at *9 (N.J. Super. Ct. App. Div. Apr. 5, 2010) (noting "rather brief work history must be considered in light of the nature of mesothelioma and the experts' testimony that the disease can be contracted after infrequent exposure to asbestos"). *See also Kurak v. A.P. Green Refractories Co.*, 689 A.2d 757, 766 (N.J. Super. Ct. App. Div. 1997) (finding sufficient evidence "particularly in light of the nature of mesothelioma and the ease with which it can be contracted," of plaintiff's exposure to friable asbestos "for a number of years in close proximity, with regularity, and frequency").

Plaintiffs argue the Court was guided by a misimpression that Mr. Muse's exposure to Bendix brakes stemmed only from his personal automotive work on four cars in 1984 or 1985. Plaintiffs argue that the Court should instead deduce that Mr. Muse went to a neighbor's house almost every day after school between 1980 and 1984, and that those occasioned almost daily brake jobs, presumably with Bendix products.[9] Mr. Muse did say he used Bendix brake products when he helped his relatives[10] and neighbor, Mr. Nelson, with brake work.[11] But of his activities between 1980 and 1984, Mr. Muse identified only six vehicles he worked on with Mr. Nelson,[12] and he could only specifically testify to replacing the rear brakes of a 1975 Grand Prix twice.[13] He stated he and his neighbor installed Bendix brakes in the 1975 Grand Prix, but he did not know which brand of brakes they removed.[14] As to the brake jobs he helped his father, uncle, and cousin perform, he did not identify using Bendix products.[15]

---

[9] *See* Deposition of James Bernard Muse, at 15:17-23 ("From 1980 to about '84 I would help somebody work on their car just about every day after school."). *See also id.* at 16:18; 29:14-19 (testifying he would help with brake jobs).

[10] *Id.* at 39:1-4.

[11] *Id.* at 190:12-13 (testifying they "messed around with a lot of . . . Bendix").

[12] *Id.* at 188:6-9.

[13] *Id.* at 188:10-25; 189:1-2; 189:10-15.

[14] *Id.* at 190:23-25; 191:1-4.

[15] *See id.* at 209:8-10 (testifying he might have used Wagner brakes while helping his father repair brakes on a 1976 Lincoln Continental in 1986 and 1987). *See also id.* at 211:16-215:18

Plaintiffs recognize that Mr. Muse could only recall using Bendix brakes on the 1975 Grand Prix and three other vehicles in his personal automotive work over a five or six year span.[16] Still, they argue, his rather vague testimony about using Bendix brakes, in addition to his specific testimony about those four vehicles, should be deemed sufficient to meet the New Jersey standard.

Plaintiffs cite *In re Asbestos Litigation (Bowser)* as an example where this Court has not required an asbestos Plaintiff to identify every time he or she worked with a defendant's asbestos-containing product.[17] Yet, in *Bowser*, the plaintiff, an aircraft mechanic by trade, testified, *inter alia*, that he had performed at least 75 brake jobs during one six-year period of work.[18] He further testified specifically that that defendant's airplane brake products were "one of the four major brands he used on a regular basis" in his work.[19] This Court found, under the totality of the

---

(testifying he observed his uncle and helped take rear drums off a vehicle twice, but he did not recall the brake manufacturer); *id.* at 215:20-217 (testifying he helped his cousin with valve covers once).

[16]     *See* Plfs.' Mot. for Reargument, at 3 (D.I. # 198; Trans. I.D. # 56317363).

[17]     2011 WL 2239803, at *4 (Del. Super. Ct. June 3, 2011) (finding the *Lohrmann* standard does not require "evidence of specific instances or numbers of exposures, and the absence of such precise evidence is often understandable in mesothelioma cases due to the lengthy latency period of that disease").

[18]     *Id.* at 3.

[19]     *Id.* at 4.

facts presented, that that plaintiff had "frequent and regular exposures to asbestos from [the defendant's] airplane brakes over an extended period of time."[20]

The Court cannot do so here under these very different facts. While the Court may draw reasonable inferences from the evidence in the light most favorable to the non-moving Plaintiff, it will not draw unreasonable inferences.[21] Summary judgment may be granted if the evidence is "*merely colorable, or is not significantly probative.*"[22] Even when viewing the evidence in the light most favorable to him, Mr. Muse, unlike the plaintiff in *Bowser*, presents only some colorable evidence that he used Bendix brakes—or that he even performed brake work—on a regular basis. Mr. Muse's testimony of a handful of brake jobs between 1980 and 1985 is insufficient to support a reasonable inference that he was exposed to friable asbestos from Bendix brakes on a frequent and regular basis.

Plaintiffs also claim they have newly discovered evidence supporting denial of summary judgment. They now provide a Honeywell mechanical engineering

---

[20]   *Id.* at 4 ("Taken in the context of [plaintiff's] full testimony, the presence of [defendant's] boxes at his workplace offers reasonable support for his assertions that he knew he used [those] brakes despite being unable to remember particular jobs . . . that utilized [defendant's] products; however, it was clearly not the sole basis for [plaintiff's] product identification.").

[21]   *Smith v. Delaware State Univ.*, 47 A.3d 472, 477 (Del. 2012) ("This Court will not draw unreasonable inferences in favor of the non-moving party.")

[22]   *Health Solutions Network, LLC v. Grigorov*, 2011 WL 443996, at *2 (Del. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51 (1986) (emphasis in original)).

expert Richard Radlinski's testimony from September 23, 2014 in a separate South Carolina case. There Mr. Radlinski stated that, to his knowledge, prior to 1985, all of Bendix brake shoes associated with drum brake systems were asbestos-containing.[23] Plaintiffs argue this is "newly discovered evidence" that counters the Court's observation that the record failed to demonstrate that Mr. Muse had been exposed—on the occasions he was—only to asbestos-containing Bendix products, as opposed to its non-asbestos products. The hearing in this matter was held on October 23, 2014—one month after the Radlinski's deposition. Plaintiffs make no attempt to explain their failure to provide this evidence pre-hearing. Regardless, Plaintiffs' "new evidence" does not impact the Court's ruling that there was insufficient evidence of frequent and regular enough contact with Bendix products.[24] As a result, this "newly discovered" evidence does not warrant reargument of Honeywell's motion.

---

[23] *See* Deposition of Richard Radlinski, September 23, 2014, in *Muldoon v. Am. Honda Motor Co..*, Ex. A to Plfs.' Mot. for Reargument, at 21:2-11.

[24] *Cf. State v. Brooks*, 2008 WL 435085, at *2 (Del. Super. Ct. Feb. 12, 2008) (denying reargument/new trial on grounds plaintiffs could now show newly discovered evidence would change the result if the new trial were granted, or that the evidence was not merely cumulative).

The Plaintiffs have not demonstrated that the Court has misapprehended the law or facts such that the outcome of the Court's summary judgment ruling would have been different. Consequently, Plaintiffs' motion for reargument is **DENIED**.

**IT IS SO ORDERED.**

> _**/s/ Paul R. Wallace**_
> **PAUL R. WALLACE, JUDGE**

Original to Prothonotary
Cc: All counsel via File&Serve