## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

IN RE: ASBESTOS LITIGATION   )
               )
**DOROTHY A. PHIPPS, Individually** )
**And as Personal Representative of the** )
**Estate of RONALD G. PHIPPS,**  )
**deceased,**          )
     Plaintiffs,    )
               )
   v.         ) C.A. No. N12C-06-069ASB
               )
**CARRIER CORPORATION,**   )
*et al.,*           )
     Defendants.   )

Submitted: March 3, 2015
Decided: March 25, 2015

## ORDER ON DEFENDANTS' MOTION FOR REARGUMENT OF THE ORDER DENYING SUMMARY JUDGMENT

AND NOW this 25th day of March, 2015, having read and considered Defendants' Motion for Reargument of the Order Denying Summary Judgment to Defendant Carrier Corporation ("Carrier") (D.I. #222; Trans. I.D. # 56649036), and the response thereto, **IT IS HEREBY ORDERED** that the Motion for Reargument is **DENIED** for the following reasons:

A motion for reargument under Superior Court Rule 59(e) permits the Court to reconsider its findings of fact, conclusions of law, or judgment.[1] However, it is

---

[1]  *Bd. of Managers of the Delaware Criminal Justice Info. Sys. v. Gannett Co.*, 2003 WL 1579170, at *1 (Del. Super. Ct. Jan. 17, 2003), *aff'd in part*, 840 A.2d 1232 (Del. 2003) (internal

not an avenue for the moving party to raise new arguments or rehash arguments already decided by the Court.[2] The moving party has the burden to demonstrate newly discovered evidence, a change in the law, or manifest injustice.[3] The motion will be denied unless the Court has "overlooked a controlling precedent or legal principles," or "has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[4] Upon a Rule 59(e) reargument motion, the Court "will determine from the motion and answer whether reargument will be granted."[5]

Carrier argues that the Court misapprehended salient facts when it denied its motion for summary judgment. Applying Delaware precedent, this Court found that a genuine issue of material fact existed as to Ronald Phipps's alleged exposure to asbestos from Carrier's products.

---

citation omitted); *Cummings v. Jimmy's Grille*, 2000 WL 1211167, at *2 (Del. Super. Ct. Aug. 9, 2000).

[2] *CNH America, LLC v. Am. Cas. Co. of Reading, Pa.*, 2014 WL 1724844, at *1 (Del. Super. Ct. Apr. 29, 2014); *Reid v. Hindt*, 2008 WL 2943373, at *1 (Del. Super. Ct. July 31, 2008).

[3] *Reid*, 2008 WL 2943373, at *1.

[4] *Jackson v. Wallo*, 2012 WL 6846548, at *2 (Del. Super. Ct. Dec. 26, 2012) (quoting *Lamourine v. Mazda Motor of Am., Inc.*, 2007 WL 3379048, at *1 (Del. Super. Ct. Sept.24, 2007)).

[5] Super. Ct. Civ. R. 59(e).

To survive a motion for summary judgment under Delaware law, the plaintiff must be able to show that "a particular defendant's asbestos-containing product was used at the job site and that the plaintiff was in proximity to that product at the time it was being used."[6] The plaintiff must present evidence of being in proximity to the asbestos product at the time it was being used; it is not sufficient for the plaintiff to merely identify the presence of the defendant's products at the work site.[7] Delaware law requires that the defendant's product to which plaintiff alleges asbestos exposure be friable, or "susceptible to releasing fibers which are capable of ingestion or respiration into the plaintiff's body."[8] The Court will not sustain a claim based on speculative exposure to the defendant's asbestos-containing product.[9]

Carrier contends that there is not sufficient evidence to show that Mr. Phipps was exposed to asbestos from its products during his work at the DuPont Stine-

---

[6] *Edmisten v. Greyhound Lines, Inc.*, 2012 WL 3264925, at *2 (Del. Aug. 13, 2012) (citation omitted).

[7] *In re Asbestos Litig.. (Truitt)*, 2011 WL 5429168, at *2 (Del. Super. Ct. Oct. 6, 2011) (citing *In re Asbestos Litig.*, 509 A.2d 1116, 1117–18 (Del. Super. Ct. 1986)); *see also Mergenthaler v. Asbestos Corp. of Am., Inc.*, 1988 WL 16284, at *3 (Del. Super. Ct. July 13, 1988) (stating to survive a motion for summary judgment, the plaintiff must provide evidence that when the defendant's asbestos-containing product was present at the plaintiff's work site, the plaintiff was "near that area, walked past that area, or was in a building adjacent to where [the product] was used if open windows or doors would allow asbestos fibers to be carried to the area where the plaintiff was working.").

[8] *Mergenthaler,* 1988 WL 16284, at *3.

[9] *In re Asbestos Litig.*, 509 A.2d at 1118.

Haskell Lab. Carrier argues that because Mr. Phipps testified to working on compressors only in emergency situations and merely witnessed his co-worker, James Norem, work on Carrier compressors, Mr. Phipps was only potentially exposed to asbestos.[10] As to working with Mr. Norem, Carrier argues that Mr. Phipps witnessed Mr. Norem work on external components that were not manufactured by Carrier. And, Carrier says, even if it were liable for component products produced by another company, Mr. Phipps's exposure to asbestos from those products is still speculative. Not so.

Mr. Phipps testified there were five or six Carrier compressors at the work site.[11] He stated that new Carrier compressors were installed in the early 1960s, after he began work in 1952.[12] Mr. Phipps identified the Carrier compressors by their shape, color, and nameplate.[13] While Mr. Phipps stated that he only

---

[10] Mr. Phipps was never deposed in this matter as he passed before Plaintiffs filed suit. Both parties rely on Mr. Phipps's deposition from Mr. Norem's asbestos litigation. Although just briefly mentioned by Carrier in its Motion for Reargument, the parties previously signed a stipulation in this case where Plaintiff is only permitted to use witness testimony as stated in their witness list in their opposing summary judgment motions. Plaintiffs did not originally list Mr. Phipps's deposition in the Norem matter on the witness list. However, because both parties rely on this deposition, the Court will consider it here.

[11] *See* Deposition of Ronald Phipps, December 12, 2009, in *In re Asbestos Litig. (Norem)*, at 27:23-24; 28:1; 47:5-9; 54:22-24; 55:1-3.

[12] *Id.* at 10:12-13; 50:2-15.

[13] *Id.* at 49:29-22; 50:16-24; 51:1-24; 52:1-2.

personally took the compressors apart when the others "needed a hand"[14] and that there was no dust produced when he observed Mr. Norem's seal replacement work,[15] he also testified that he oversaw Mr. Norem's dismantling and overhauling of Carrier compressors "many times."[16] He further stated that he witnessed Mr. Norem work on gaskets external to Carrier compressors and he believed those gaskets contained asbestos.[17] In addition, an affidavit from Bruce Temple, who also worked at Mr. Phipps's site and alongside Mr. Norem, indicates Mr. Phipps may have worked on asbestos-containing products. In his affidavit, Mr. Temple stated that he and Mr. Norem removed old asbestos insulation from inside and outside Carrier Chiller units and were therefore exposed to asbestos.[18]

Plaintiffs presented enough evidence to survive Carrier's motion for summary judgment. Mr. Phipps's testimony identifies Carrier's products at the job site and establishes that he was in proximity to Carrier's products while they were being serviced. The credible evidence in this case, at this stage, suggests that the

---

[14]     *Id.* at 26:9-14.

[15]     *Id.* at 53:9-21.

[16]     *Id.* at 26:19-24; 27:1-4.

[17]     *Id.* at 25:3-10 (stating "I would think where the piping hooked onto them they were—you know, regular asbestos gaskets . . ."); 78:21-24; 79:1-8.

[18]     *See* Aff. of Bruce Temple, February 12, 2009, Ex. C to Plfs.' Resp. to Def.'s Mot. For Reargument, at ¶ 3 (stating he and Mr. Norem "were exposed to the insulations that were inside and outside of these [Carrier Chillers] units when we maintained them. When we performed maintenance on these units, we often had to remove old asbestos insulation from these units and we were exposed to the asbestos from this work").

asbestos in Carrier's compressors was likely friable when those units were being taken apart, dismantled, or overhauled as Mr. Phipps witnessed. Because the Carrier compressors were new when installed, the evidence in this case, at this stage, suggests that Mr. Phipps worked on or in close proximity to Carrier components. Plaintiffs have set out sufficient facts to show Mr. Phipps' alleged exposure is not based on mere speculation, conjecture or surmise.

Carrier has presented no newly discovered evidence. Nor has Carrier demonstrated that the Court misapprehended the law or facts such that the outcome of the Court's summary judgment ruling would have been different. Consequently, Carrier's motion for reargument is **DENIED**.

**IT IS SO ORDERED.**

_/s/ Paul R. Wallace_
**PAUL R. WALLACE, JUDGE**

Original to Prothonotary
Cc: All counsel via File&Serve