**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**
**IN AND FOR NEW CASTLE COUNTY**

| | | |
|---|---|---|
| SHAWANA LAYNE (f/k/a Shawana Singleton) | ) | |
| as Guardian Ad Litem and Next Friend to | ) | |
| FRANK LAYNE, JR., | ) | |
| | ) | C.A. No. N12C-12-057 EMD |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GAVILON GRAIN, LLC, et. al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: July 1, 2015
Decided: July 15, 2015

*Upon Consideration of*
*Plaintiff's Motion for Reargument and/or Reconsideration*
***DENIED***

Jeffrey M. Gentilotti, Esquire, David A. Denham, Esquire, Bifferato and Gentilotti LLC, Newark, Delaware, *Attorneys for Plaintiff Shawana Layne (f/k/a Shawana Singleton) as guardian ad litem and next friend to Frank Layne, Jr.*

Robert G. Devine, Esquire, Michael W. Horner, Esquire, Rochelle L. Gumapac, Esquire, White and Williams LLP, Wilmington, Delaware, *Attorneys for Defendants Gavilon Grain, LLC and Hector Cabrera.*

**DAVIS, J.**

## I.     INTRODUCTION AND PROCEDURAL HISTORY

This is a negligence action brought by Plaintiff Shawana Layne (f/k/a Shawana Singleton) as guardian *ad litem* and next friend to Frank Layne, Jr.   This matter arises from a November 10, 2011, work place accident which caused injury to Mr. Layne and Defendant, Jair "Hector" Cabrera.   The accident took place at a facility operated by Defendant Gavilon Grain

LLC ("Gavilon").  Access Labor Services, Inc. ("Access") had assigned Mr. Layne as a general laborer to Gavilon's facility.  Several lawsuits arose from that accident, including the instant action wherein Mr. Layne[1] filed suit against several parties, including Gavilon, Mr. Cabrera, MSP Equipment Rentals, Inc., and Terex Corporation which was subsequently substituted with Genie Industries, Inc.

On September 19, 2014, Gavilon filed the Motion for Summary Judgment of Defendants, Gavilon Grain LLC and Hector Cabrera.  On October 3, 2014, Mr. Layne filed the Plaintiff's Response to Defendants Gavilon Grain LLC and Jair Cabrera's Motion for Summary Judgment and Plaintiff's Cross Motion for Summary Judgment.  The parties filed these motions in order to obtain a ruling from the Court on the issue of whether Mr. Layne's claims against Gavilon and Mr. Cabrera, as well as the punitive damages claim, are barred by the exclusive remedy provision of Delaware's Workers' Compensation Act (the "Act").  The Court had set August 29, 2014 as the discovery deadline in relation to this issue.

The Court held a hearing on the motions and cross motions for summary judgment on March 16, 2015.  All parties appeared and presented arguments in support of their respective positions.  Moreover, the parties seemed to agree that the issue of whether Mr. Layne was a "borrowed servant" or not was ripe for adjudication by the Court.  After the hearing, the Court reserved its decision.

Subsequently, on May 29, 2015, Mr. Layne's counsel completed a second deposition of James Engler, the facility manager for Gavilon.  After the deposition, Mr. Layne immediately requested that the Court refrain from issuing any formal ruling on the pending dispositive motions so that the parties could supplement the record.  The Court held a hearing on June 22,

---

[1] For purposes of this Opinion, the Court will use Mr. Layne as the plaintiff.  The Court understands that Ms. Layne is bringing this negligence action against the various defendants as guardian *ad litem* and next friend.

2015.  At the June 22, 2015 hearing, Mr. Layne's counsel asked the Court to allow the record to be supplemented with facts garnered from Mr. Engler's second deposition and a June 29, 2015 deposition of Mr. Cabrera.

After reviewing the parties' submissions and hearing the parties' arguments, the Court granted Mr. Layne's request to file supplemental briefing to include facts from Mr. Engler's deposition but denied the request to keep the record open for briefing until after Mr. Cabrera's deposition.  The Court based its ruling, in part, on the grounds that (i) the parties did not seek to depose Mr. Cabrera prior to the August 29, 2014 discovery deadline; (ii) Mr. Cabrera was an employee of Gavilon; and, (ii) the parties' representations at the March 16, 2015 hearing that the issue of whether or not Mr. Layne was a "borrowed servant" was ripe for adjudication by the Court.

On June 25, 2015, Mr. Layne filed the Supplemental Brief in Support of Plaintiff's Response to Defendants Gavilon Grain LLC and Jair Cabrera's Motion for Summary Judgment and Cross Motion for Summary Judgment.  On June 29, 2015, Gavilon filed the Reply Brief of Defendants Gavilon Grain LLC and Hector Cabrera to the Supplemental Opposition Brief of Plaintiff Shawana Layne, as guardian *ad litem* and next friend to Frank Layne Jr. to their Motion for Summary Judgment.

Mr. Layne filed his Plaintiff's Motion for Reargument and/or Reconsideration (the "Motion") on June 29, 2015.  Through the Motion, Mr. Layne asks the Court to revisit its June 22, 2015 decision denying further expansion of the summary judgment record to include the deposition of Mr. Cabrera.  Mr. Layne argues that Mr. Cabrera's deposition revealed materially significant evidence on a critical issue that goes to the "heart" of the control element of the

3

employee/employer analysis and, in the interests of "fairness and justice," the Court should allow additional briefing which would include this evidence.

On July 1, 2015, Gavilon and Mr. Cabrera filed their Response of Defendants Gavilon Grain LLC and Hector Cabrera in Opposition to the Motion for Re-argument and/or Reconsideration of Plaintiff Shawana Layne, as Guardian Ad Litem and Next of Friend to Frank Layne Jr. (the "Response"). Gavilon and Mr. Cabrera argue that the Motion should be denied because the Motion lacks merit and constitutes procedural "abuse." On the merit point, the Response contends that Mr. Cabrera's testimony provides no new insight on the material facts relating to the control element of the employer/employee analysis. As for the procedural point, the Response reiterates the arguments made at the June 22, 2015 hearing.

For the reasons stated herein, the Motion is **DENIED**

## II.    STANDARD OF REVIEW

Superior Court Civil Rule 59(e) provides that a party may file a motion for reargument "within 5 days after the filing of the Court's opinion or decision."[2] The standard for a Rule 59(e) motion is well defined under Delaware law.[3] A motion for reargument will be denied unless the Court has overlooked precedent or legal principles that would have controlling effect, or misapprehended the law or the facts such as would affect the outcome of the decision.[4] Motions for reargument should not be used merely to rehash the arguments already decided by the court,[5] or to present new arguments not previously raised.[6] Such tactics frustrate the efficient use of

---

[2] Super. Ct. Civ. R. 59(e).
[3] *Kennedy v. Invacare Corp.*, C.A. No. 04C-06-028, 2006 WL 488590, at *1 (Del. Super. Ct. Jan. 31, 2006).
[4] *Woodward v. Farm Family Cas. Ins. Co.*, C.A. No. 00C-08-066, 2001 WL 1456865, at *1 (Del. Super. Ct. Aug.24, 2001).
[5] *Id.*
[6] *Plummer v. Sherman*, C.A. No. 99C-08-010, 2004 WL 63414, at *2 (Del. Super. Ct. Jan.14, 2004); *see also Bd. of Managers of the Del. Crim. Justice Info. Sys. v. Gannett Co.*, C.A. No. 01C-01-039, 2003 WL 1579170, at *3–4 (Del. Super. Ct. Jan.17, 2003) (holding that a motion for reargument is not a device for raising new arguments or

4

judicial resources, place the opposing party in an unfair position, and stymie "the orderly process of reaching closure on the issues."[7]

### III.    DISCUSSION

The Motion does not really address whether reargument is appropriate under the well defined standards for a Rule 59(e) motion. In other words, the Motion does not provide exactly how the Court has overlooked precedent or legal principles that would have controlling effect, or misapprehended the law or the facts such as would affect the outcome of the Court's June 22, 2015 decision.

The Court understood, on June 22, 2015, that Mr. Cabrera would provide testimony concerning the operation of the lift on the date of the accident. The Court does not find that the summary of facts from Mr. Cabrera's deposition provided in the Motion, even if provided in more detail, present the type of materially significant evidence which would warrant re-opening the record for purposes of summary judgment. On July 10, 2015, the Court issued its decision on the summary judgment motions. As is clear in that decision, the Court does not believe that the fact of who was operating the lift on the date of the accident is relevant to the issue of the control element of the employer/employee analysis.

The Court does not see an argument or legal authority in the Motion that the Court or the parties did not address prior to the June 22, 2015 decision. Instead, Mr. Layne sets forth a summary of facts from a deposition that could have been taken prior to the August 29, 2014 discovery deadline but was not. Motions for reargument should not be used merely to rehash the

---

stringing out the length of time for making argument), *rev'd on other grounds, Gannett Co. v. Bd. of Managers of the Del. Crim. Justice Info. Sys.*, 840 A.2d 1232 (Del. 2003).
[7] *Plummer*, 2004 WL 63414, at *2.

5

arguments already decided by the court.[8]  Under Delaware law, a Rule 59(e) motion may not be used to relitigate matters or to raise arguments that "could" have been raised prior to the Court's opinion or decision.[9]

## IV.    CONCLUSION

For the foregoing reasons the Plaintiff's Motion for Reargument and/or Reconsideration is **DENIED**.

**IT IS SO ORDERED.**

/s/ *Eric M. Davis*
Eric M. Davis
Judge

---

[8] *Woodward.,* 2001 WL 1456865, at *1.
[9] *Plummer v. Sherman*, C.A. No. 99C-08-010, 2004 WL 63414 (Del. Super. Jan. 14, 2004).