GANNETT CO., INC., Defendant Below, Appellant/Cross–Appellee

v.

BOARD OF MANAGERS OF THE DELAWARE CRIMINAL JUSTICE INFORMATION SYSTEM, an Agency of the State of Delaware, Ronald J. Torgeson, Executive Director of the Board, State Bureau of Identification, an Agency of the State of Delaware, and Captain David F. Deputy, Director of the State Bureau of Identification Plaintiffs Below, Appellees/Cross–Appellants.

No. 77,2003.

Supreme Court of Delaware.

Submitted: Sept. 23, 2003.

Decided: Dec. 30, 2003.

---

8. *Downer v. State,* 543 A.2d 309, 312–13 (Del. 1988).

See also *Gannett Co. v. Del. Criminal Justice Info. Sys.*, 768 A.2d 508 (Del.Super.Ct.1999).

Richard G. Elliott, Jr., Esquire (argued), and Jennifer C. Jauffret, Esquire, of Richards, Layton & Finger, Wilmington, for Appellant/Cross–Appellee.

W. Michael Tupman, Esquire, Department of Justice, Dover, for Appellee/Cross–Appellant.

Before VEASEY, Chief Justice, HOLLAND, BERGER, STEELE, and JACOBS, Justices, constituting the Court en Banc.

VEASEY, Chief Justice.

In this appeal we review a declaratory judgment authorizing the release of certain information and prohibiting the release of other information to a media entity from the Delaware Criminal Justice Information System (DELJIS). The Superior Court declared that DELJIS should not release non-conviction data, geographic information, or police officer identification information. We have determined that the trial court erroneously decided issues that were not before it when it prevented release of non-conviction data and geographic information. We therefore vacate the Superior Court's judgment with respect to those issues.

In addition, the Superior Court incorrectly applied the Freedom of Information Act (FOIA) to refuse the release of police officer identification information. We, therefore, reverse the portion of the trial court's judgment pertaining to that type of information.

Finally, we affirm the Superior Court's award of partial attorneys' fees to Gannett Co. In doing so, we reject both the media entity's contention in its appeal that all its attorneys' fees should be awarded and the contention of DELJIS in its cross-appeal that no attorneys' fees should have been allowed.

### Facts and Prior Procedural History

Since 1997, Gannett Co. (through its local media entity, the News Journal) has sought information from the Delaware Criminal Justice Information System in order to study the state's criminal justice system. DELJIS denied the News Journal's first request for data, and the News Journal sued in an effort to compel release of the data.[1] The Superior Court held that

---

1. *Gannett Co. v. Del. Criminal Justice Info.*    *Sys.*, 768 A.2d 508 (Del.Super.Ct.1999), *aff'd,*

the News Journal may be entitled to some information but that its then–300–category request was too broad.[2]

The Superior Court concluded that information that could be used, either directly or indirectly, to recreate an individual's criminal history should not be released.[3] As a result, in 2000 the News Journal submitted a new request to DELJIS for information, paring down the number of requested data fields to fewer than 200. All direct identifiers were excluded. Four indirect identifiers remained: age, race, sex, and county of residence.

On January 25, 2001, the full DELJIS board unanimously voted to provide the News Journal with the fields requested, with a few exceptions. The Board voted to exclude the requested CJIS, SBI, and defendant identification fields, and not to provide fictitious linking numbers.[4] The Board also voted not to provide the names of police, probation, and parole officers, but instead to provide their identification numbers in "scrambled" form. Finally, the Board voted to file a complaint for a declaratory judgment by the Superior Court, asking that Court to decide whether DELJIS was required to release SBI, CJIS, or defendant identification information.

DELJIS filed the declaratory judgment action the same day. The issues presented to the trial court were whether the contested data fields constituted criminal history information as defined by Chapter 85 of Title 11 of the Delaware Code (Chapter 85) and whether the use of linking numbers would invade privacy and therefore constitute an exception under Title 29, Section 10002(d)(4) of the Delaware Code[5] and Chapter 85. Both parties moved for summary judgment, and the Superior Court denied both motions.[6] The Court itself framed the issue remaining for determination as follows: "whether the News Journal could take vertical criminal histories and cross reference them with other sources to determine names to correspond with the vertical histories."[7]

The Superior Court held an evidentiary hearing in the declaratory judgment action in February and April 2002. The parties presented the testimony of several expert witnesses, police officers, and newspaper personnel. After hearing the experts' testimony on linking numbers, the Court found that the experts agreed that "all the information that the News Journal is requesting is a matter of public record" and that "merely creating a fictitious linking number would not invade personal privacy. The only way privacy would be implicated

---

No. 535,1999, 2000 WL 1769513, 2000 Del. LEXIS 544 (Del. Sept. 14, 2000) (ORDER).

2. *Gannett Co.,* 768 A.2d at 515.

3. *Id.* at 515–16.

4. An SBI number is unique to an individual arrested and remains the same for any subsequent involvement of that individual with the criminal justice system. A CJIS number is assigned to a case and is attached to all proceedings in a single case. The News Journal requested the creation of fictitious linking numbers to allow it to track "vertical histories." Creating vertical histories would allow the News Journal to link a single individual's

involvement in different prosecutions over time, rather than just tracking each defendant's case through the criminal justice system, as if he or she were never prosecuted for any other offense.

5. Del. Code Ann. tit. 29, § 10001 *et seq.* (1997) contains Delaware's Freedom of Information Act (FOIA).

6. *Bd. of Managers of the Del. Justice Info. Sys. v. Gannett Co.,* 808 A.2d 453, 455 (Del.Super.Ct.2002).

7. *Id.* The parties also presented the issue whether FOIA exempts officer identification numbers from disclosure.

is if an individual could be re-identified, and through the linking number linked to a specific vertical history." The Court then considered whether vertical histories could be cross-referenced with other sources, such as newspaper articles or an arrest warrant database, to link names with the vertical histories.

The Superior Court held that the News Journal was entitled to receive the linking numbers because re-identification is not possible using such numbers.[8] It limited the information that could be released to the News Journal, however, to data relating to convictions. Data relating to cases in which no conviction was obtained were not to be disclosed. In addition, the court excluded release of geographic information and police officer information.[9]

The News Journal moved for reargument, arguing that the non-conviction data and geographic information fields had not been presented for decision by the court because DELJIS had already agreed to release those fields. The News Journal also requested attorneys' fees pursuant to FOIA, claiming the award as the prevailing party on the linking numbers issue. The Superior Court denied the motion for reargument and granted in part the News Journal's request for attorneys' fees.

The News Journal appeals, challenging the Superior Court's judgment with respect to the geographic information, non-conviction data, and police officer information fields. The News Journal also appeals the Superior Court's partial award of attorneys' fees. DELJIS cross-appeals, challenging the award of attorneys' fees to the News Journal.

### Issues on Appeal

The parties raise seven issues for the Court's consideration in this appeal and cross-appeal:

(1) Whether the Superior Court improperly denied the News Journal access to non-conviction data and geographic information because the parties never raised those issues before the court;

(2) Whether the Superior Court's denial of access to the non-conviction data and geographic information violated the separation of powers doctrine;

(3) Whether the Superior Court's decision to prohibit release of the geographic information was clearly erroneous;

(4) Whether the Superior Court erred in its interpretation of Title 11, Chapter 85 of the Delaware Code;

(5) Whether Title 11, Section 8513 of the Delaware Code, as applied by the Superior Court, violates the News Journal's First and Fourteenth Amendment rights to freedom of the press and equal protection of the laws;

(6) Whether the Superior Court erred by concluding that release of law enforcement officers'· names and ·identification numbers would violate the officers' privacy;

(7) Whether the Superior Court erred by awarding the News Journal partial attorneys' fees.

We conclude that in denying the News Journal access to non-conviction data and geographic information, the Superior Court exceeded the scope of the issues presented to it. We therefore vacate the Superior Court's judgment to the extent that it prohibits the release to the News Journal of the non-conviction data and the geographic information. We also conclude that the Superior Court incorrectly applied FOIA to the · police officer information

---

**8.** *Id.* at 462–64.

**9.** *Id.* at 464.

sought by the News Journal. Therefore, we reverse the judgment of the Superior Court to the extent that it prohibits the release of police officer identification information. Finally, we hold that the Superior Court did not abuse its discretion in awarding the News Journal partial attorneys' fees. Because of our disposition of the above issues, we do not reach the remaining questions raised in this appeal and cross-appeal.

### The Non–Conviction Data and Geographic Information

■ The News Journal contends that the Superior Court decided issues that were not before it when the court declared that DELJIS should not release the non-conviction data or any geographic information. DELJIS responds that even if its complaint did not put in issue the non-conviction data and the geographic information, the scope of the issues before the court is defined by all the pleadings. DELJIS contends that the News Journal raised the release of the non-conviction data and the geographic data as issues for the trial court's consideration.

■ This Court reviews for abuse of discretion the Superior Court's decision to exercise declaratory judgment jurisdiction over a case.[10] This case presents the issue whether the Superior Court exceeded the scope of the issues raised before it, however. The resolution of that question de-

pends on the interpretation of the parties' pleadings and other briefings and arguments submitted to the trial court and thus is subject to de novo review.[11]

■ The Superior Court exceeded the scope of the issues presented to it by denying the News Journal access to non-conviction data and geographic information. In order for a court to exercise declaratory judgment jurisdiction, there must be an "actual controversy":

"(1) It must be a controversy involving the rights or other legal relations of the party seeking declaratory relief; (2) It must be a controversy in which the claim of right or other legal interest is asserted against one who has an interest in contesting the claim; (3) the controversy must be between parties whose interests are real and adverse; (4) the issue involved in the controversy must be ripe for judicial determination." [12]

In the present case, there was no "actual controversy" concerning whether the non-conviction data or geographic data should be released because DELJIS had already agreed to release those data fields and the parties did not raise before the Court the propriety of their release.

The action in the Superior Court presented that Court with the issue whether vertical histories could be cross-referenced with other sources to determine names to correspond with the vertical histories.[13]

---

10. *Stabler v. Ramsay,* 88 A.2d 546, 552 (Del. 1952).

11. *Cf. Am. Ins. Group v. Risk Enter. Mgmt., Ltd.,* 761 A.2d 826, 829 (Del.2000) (reviewing de novo the Superior Court's grant of summary judgment based on its interpretation of a written instrument); *cf. also McMullin v. Beran,* 765 A.2d 910, 916 (Del.2000) (stating that the standard of review of the dismissal of a complaint based on the pleadings is de novo).

12. *Schick Inc. v. Amalgamated Clothing & Textile Workers Union,* 533 A.2d 1235, 1238 (Del.Ch.1987) (quoting *Rollins Int'l, Inc. v. Int'l Hydronics Corp.,* 303 A.2d 660, 662 (Del. 1973)); *see also* Del. Code Ann. tit. 10, §§ 6501–6513 (1999) (providing that Delaware courts may enter declaratory judgments).

13. *Gannett Co.,* 808 A.2d at 455.

The legal issues presented below were limited to questions related to SBI numbers, fictitious linking numbers, and officer identification numbers.[14] Deciding whether vertical histories could be linked to individuals would require an analysis of which data fields could be cross-referenced with other sources to accomplish such re-identification. But the Superior Court determined that the evidence did not support the conclusion that the information requested by the News Journal would allow re-identification.[15] The Superior Court's holding that geographic data should not be released on other grounds, therefore, exceeded the scope of issues presented for the Court's consideration. The propriety of releasing geographic data was not specifically raised by the parties or in the Pretrial Stipulation, and the trial court's basis for withholding the geographic data was unrelated to the issues that were raised.

The Superior Court concluded that DELJIS should not provide the News Journal with non-conviction data after analyzing and construing FOIA and Chapter 85. The general construction of these provisions was not in issue, however. Rather, the issues that were presented addressed whether Chapter 85 "prohibits the disclosure of *SBI or other numbers linked to an individual* . . . because they are within the definition of 'criminal history record infor-

mation,' " whether FOIA "exempts *numbers linked to an individual* from the definition of a 'public record' because their disclosure 'would constitute an invasion of personal privacy,' " and whether "FOIA exempts *officer identification numbers* from the definition of a 'public record' because their disclosure 'would constitute an invasion of personal privacy.' "[16] The parties presented the trial court with limited issues, and the court went beyond the boundaries of those issues when it decided the case as it did. The trial court should not have addressed issues as to which there was no actual controversy.

The News Journal's answer and counterclaim did not raise[17] the general issue whether geographic and non-conviction data may be released, as DELJIS claims. That pleading did refer in broad terms to the data requested by the News Journal, and it did ask the court to determine whether DELJIS's refusal to release that information . violates FOIA. It appears, however, that neither the parties nor the trial court read that pleading as opening to the court's scrutiny all the data fields requested by the News Journal. We regard the Pretrial Stipulation as controlling on the parameters of the issues presented for the court's consideration. In addition, the trial court itself several times acknowledged the narrow issues before it.[18] A review of the record as a whole leads to

14. *See, e.g.*, Pretrial Stipulation, *Gannett*, 808 A.2d 453 (Del.Super. Ct. adopted Jan. 2002), at 4–5; Complaint for Declaratory Relief, *Gannett*, 808 A.2d 453 (Del.Super. Ct. submitted Jan. 25, 2001), at 5–8.

15. *Gannett*, 808 A.2d at 460. The court did find, based on the testimony of Dr. Latanya Sweeney, one of DELJIS's expert witnesses, that certain geographic data such as zip codes and grid numbers could be used to re-identify defendants. The News Journal withdrew its request for those fields, however, because of this concern. The Superior Court therefore concluded, "After the withdrawal, there is no

testimony that there nevertheless remains a privacy concern." *Id.*

16. *See, e.g.*, Pretrial Stipulation, *supra* note 14, at 4–5 (emphasis added).

17. *See Rollins*, 303 A.2d at 663 (considering the answer and counterclaim as well as the initial complaint when determining what issues had been placed before the court in a declaratory judgment action).

18. *See, e.g.*, Memorandum Opinion, *Gannett*, 808 A.2d 453 (Del.Super.Ct. Apr.2, 2001), at 4 ("The declaratory judgment action at bar was

the conclusion that the non-specific language in the News Journal's answer and counterclaim did not create different parameters for the dispute than those that had been established by the complaint and specific language in the answer.

### The Police Officer Identification Information

■ The News Journal argues that the Superior Court erred by declaring that, under FOIA, DELJIS should not release the police officer identification information because of concerns about officer safety. The News Journal contends that in order to be exempt from release under FOIA, information must invade privacy. DELJIS relies on officer safety concerns to argue that the Superior Court properly denied the release of police officer identification information.

■ The Superior Court's decision that officer names and identification numbers should not be released was based on its factual determination that release of those data fields would threaten officer safety.[19] The Superior Court's factual findings are "entitled to substantial deference unless clearly erroneous or not the product of a logical and deductive reasoning process."[20] This Court reviews de novo, however, the Superior Court's formulation and application of legal principles.[21] It is on this de novo review of legal principles that our determination rests.

■ Despite its factual determination that release of police officer identification information would pose a threat to officer safety, the Superior Court applied an incorrect legal standard in excluding officer information based on safety concerns. FOIA makes no reference to officer safety as a basis for redacting officer information. Rather, FOIA is concerned with the disclosure of information "which would constitute an invasion of personal privacy."[22] The statute's provision authorizing omission of "the names of witnesses, intelligence personnel and aids or any other information of a privileged and confidential nature"[23] from disclosed FOIA information must be read in light of the concern about privacy, not a concern about officer safety that does not appear in the statute. Which officer conducted an arrest is a matter of public record. Where the officer is not an undercover, or "intelligence," officer, the Superior Court did not articulate any privacy-related concerns but relied solely on its concern for officer safety. The Superior Court's holding, therefore, did not comport with the limitations on FOIA's disclosure requirements. Accordingly, it must be reversed.

### Attorneys' Fees

■ The News Journal contends that the Superior Court improperly distinguished between media entities and others

filed by the Board to determine whether they are required to give the News Journal the three [CJIS, SBI, and defendant identification] fields under FOIA or is the information Chapter 85 criminal history information which implicates privacy concerns apart from the public information concerns of FOIA."); *id.* at 3 (stating that "[o]nly three of the requested fields: SBI, CJIS and Defendant Identification Numbers are in contention"); *see also, e.g., Gannett,* 808 A.2d at 455 (noting that the evidentiary hearing "was on the narrow issue of whether the News Journal could take vertical criminal histories and cross ref-

erence them with other sources to determine names to correspond with the vertical histories").

19. *Gannett,* 808 A.2d at 461.

20. *Cede & Co. v. Technicolor, Inc.,* 634 A.2d 345, 360 (Del.1993).

21. *Id.*

22. Del. Code Ann. tit. 29, § 10002(d)(4).

23. *Id.*

**1240** ■■■■■■■■■■

when awarding only partial attorneys' fees to the News Journal. DELJIS argues that the Superior Court should have denied entirely the News Journal's request for attorneys' fees on the basis that the News Journal was not a "successful plaintiff" because the Superior Court denied the company's request for the non-conviction data, the geographic information, and information allowing the identification of police officers.

■■■■■■■■ This Court reviews for abuse of discretion the Superior Court's award of attorneys' fees.[24] To the extent the award requires the formulation of legal principles, however, that formulation is subject to de novo review.[25]

The Superior Court did not abuse its discretion by awarding the News Journal partial attorneys' fees. The award of attorneys' fees is a matter of the trial court's discretion.[26] The News Journal was a "successful plaintiff" as required by FOIA for an attorneys' fees award[27] because it prevailed on at least some issues before the court—specifically, the release of the linking numbers. Because the trial court had the authority to decide whether or not to award attorneys' fees at all, it is within the court's discretion to consider the incentive structure facing the parties to a particular suit in deciding the extent of fees to award. This consideration need not turn on the relative depths of the parties' pockets, as the News Journal contends. Rather, the Superior Court based its conclusion on the fact that the News Journal would use the information requested from DELJIS in an attempt to increase its revenue from newspaper sales.[28] The News Journal has a private financial incentive to procure the DELJIS information. Therefore, the Superior Court acted within its discretion in concluding that the News Journal was not entitled to an award of all its attorneys' fees in order to have an incentive to bring suit under FOIA.

Because of our disposition of the above issues, we need not address the remaining questions raised in this appeal.

### Conclusion

Accordingly, we **REVERSE** the judgment of the Superior Court to the extent that it denies the News Journal access to the police officer identification information. We **VACATE** the judgment of the Superior Court to the extent that it denies the News Journal access to the non-conviction data and the geographic information. Our decision in this latter respect does not necessarily mean that access to such information must be provided. It simply means that those issues were not before the trial court and remain undecided. We **AFFIRM** the award by the Superior Court of partial attorneys' fees to the News Journal.

---

24. *Roadway Express v. Folk,* 817 A.2d 772, 776 (Del.2003).

25. *Cede & Co.,* 634 A.2d at 360. *Cf. In re State,* 708 A.2d 983, 985 (Del.1998) ("The issue presented in this appeal is whether the Family Court has the authority pursuant to Family Court Criminal Rule 16(f) to award attorney's fees and costs for violations of the Family Court's discovery rules, an issue of law this Court reviews de novo.")

26. *See Chem. Indus. Council of Del., Inc. v. State Coastal Zone Indus. Control Bd.,* C.A. No. 1216–K, 1994 WL 274295, at *15, 1994 Del.Ch. LEXIS 70, at *49 (Del.Ch. May 19, 1994) (denying an application for attorneys' fees as a matter of discretion).

27. DEL. CODE ANN. tit. 29, § 10005(d).

28. *Bd. of Managers of the Del. Criminal Justice Info. Sys. v. Gannett Co.,* C.A. No. 01C–01–039 WLW, at 12 n. 30, 2003 WL 1579170 (Del.Super.Ct. Jan. 17, 2003) (ORDER).