# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE


JOHN E. MILLER,                          )
                                         )
                  Appellant,             )
        v.                               )          C.A. No. N14A-10-010
                                         )
NEW CASTLE COUNTY                        )
and DEPARTMENT OF LAND USE,              )
                                         )
                  Appellee.              )

Submitted: January 14, 2016
Decided: January 21, 2016

On Defendant's Motion for Reargument
**DENIED.**

# <u>ORDER</u>

John E. Miller, *pro se*, James T. Vaughn Correctional Center, Smyrna, Delaware.

Darryl A. Parson, Esquire, County Solicitor and Brionna Denby, Esquire, New Castle County Office of Law, New Castle, Delaware, Attorneys for New Castle County and Department of Land Use.

On this 21st day of January, 2016, upon consideration of Defendant's Motion for Reargument, it appears that:

1.    On November 4, 2014, Appellant John E. Miller filed a Petition for a Writ of *Certiorari* with this Court.  In his Petition, Mr. Miller contended that several violations spanning from May 9, 2009, through April 1, 2013, should have been set aside, because he was not properly served notice of the violations.

2.    On January 12, 2016, this Court issued an Order dismissing Mr. Miller's Petition for a Writ of *Certiorari*, because this Court lacked jurisdiction under the doctrine of exhaustion of administrative remedies.  On January 19, 2016, Mr. Miller

filed a Motion for Reargument.  Mr. Miller's Motion stated *in toto*:

> By Order dated 1/12/16[,] the Court [d]ismissed the [a]ppellant's Petition for a Writ of *Certiorari* because the [a]ppellant didn't exhaust his administrative remedies (and now the [a]pellant is time barred from exhausting his administrative remedies).
>
> The Court[']s Order doesn[']t resolve the conundrum: How does the aggrieved person know he needs to appeal an enforcement action if he doesn't receive actual notice of the action?
>
> Surely the time limit presumes actual notice and in this case [a]ppellant challenges the presumptions of constructive notice.[1]

3.   Superior Court Civil Rule 59(e) permits the Court to reconsider its findings of facts, conclusions of law, or judgments.[2]  It is well-settled that a motion for reargument is not a vehicle for raising new arguments or rehashing those already presented.[3]  Instead, a motion for reargument will be denied unless the Court "overlooked a precedent or legal principle" or "misapprehended the law or facts such as would have changed the outcome of the underlying decision."[4]

4.   Mr. Miller does not allege that the Court overlooked any legal precedent or principal.  Nor does he contend that the Court misapprehended any law or facts that would have changed the Court's decision to dismiss Mr. Miller's Petition.  Therefore, Mr. Miller's Motion for Reargument must be **DENIED**.

---

[1] Appellant's Mot. For Reargument, at 1.

[2] *Bd. of Managers of the Delaware Criminal Justice Info. Sys. v. Gannett Co.*, 2003 WL 1579170, at *1 (Del. Super. Jan. 17, 2003), *aff'd in part*, 840 A.2d 1232 (Del. 2003) (internal citation omitted).

[3] *State v. Abel*, 2011 WL 5925284, at *1 (Del. Super. Nov. 28, 2011).

[4] *Id.*

**IT IS SO ORDERED.**

                                        _____
                                          Richard R. Cooch, R.J.

oc: Prothonotary