# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ALMAH LLC, a Delaware limited liability corporation, and SL GREEN REALTY CORPORATION, a Maryland corporation, | ) ) ) ) ) | C.A. No.: N15C-01-237 EMD |
| Plaintiffs, | ) ) | |
| v. | ) ) | TRIAL BY JURY OF TEWLVE DEMANDED |
| LEXINGTON INSURANCE COMPANY, a Delaware corporation, | ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION AND/OR CLARIFICATION

Upon consideration of Plaintiffs Almah LLC and SL Green Realty Corporation's Motion for Judgment on the Pleadings and Plaintiffs' Opening Brief in Support of Their Motion for Judgment on the Pleadings ("Motion for Judgment on the Pleadings") filed by Plaintiffs Almah LLC and SL Green Realty Corporation (collectively, "Plaintiffs") on May 6, 2015 and May 7, 2015[1]; Defendant's Motion for Summary Judgment and Defendant's Brief in Opposition to Plaintiffs' Motion for Judgment on the Pleadings and in Support of Defendant's Motion for Summary Judgment (collectively, "Motion for Summary Judgment") filed by Defendant Lexington Insurance Company ("Lexington") on June 15, 2015; Plaintiffs' Brief in Further Support of Their Motion for Judgment on the Pleadings and in Opposition to Defendant's Motion for Summary Judgment filed by Plaintiffs on July 15, 2015; Defendant Lexington Insurance Company's Reply Brief in Further Support of Its Motion for Summary Judgment filed by Lexington on July 30, 2015; the arguments made by the parties at a hearing held on October

---

[1] Plaintiffs filed Plaintiffs Almah LLC and SL Green Realty Corporation's Motion for Judgment on the Pleadings on May 6, 2015. Plaintiffs filed Plaintiffs' Opening Brief in Support of Their Motion for Judgment on the Pleadings, along with Plaintiffs' Motion to Extend the Page Limit, on May 7, 2015.

19, 2015; the memorandum opinion and order denying the Motion for Judgment on the Pleadings as relating to TIME ELEMENT losses and granting Motion for Summary Judgment as relating to TIME ELEMENT losses (the "Memorandum Opinion") issued by the Court on January 27, 2016; Defendant Lexington Insurance Company's Motion for Reconsideration and/or Clarification of the Court's January 27, 2016 Order (the "Motion for Reconsideration") filed by Lexington on February 3, 2016; Plaintiffs' Opposition to Defendant's Motion for Reconsideration/Clarification (the "Opposition") filed by Plaintiffs on February 12, 2016, the Court finds and holds as follows:

## INTRODUCTION

This is a civil action regarding coverage under a commercial insurance policy (the "Policy").[2] Lexington is Plaintiffs' insurer for a property located at 180 Maiden Lane in New York (the "Property"). Superstorm Sandy damaged the Property in October 2012. Pursuant to the terms of the Policy, Lexington paid Plaintiffs $26,342,392 for wind and flood damages. Plaintiffs allege that they are entitled to a further $15,804,504 for non-physical damages and losses. Plaintiffs filed an action for breach of contract on January 30, 2015.

Lexington filed the Motion for Summary Judgment, arguing that it fulfilled its duties under the Policy. Plaintiffs argued that the limit of liability for flood damage in the Policy only applies to physical loss or damages from "Flood," not to the non-physical damages and losses claims that Plaintiffs made under the Policy. In the Memorandum Opinion, the Court denied the Motion for Judgment on the Pleadings as relating to TIME ELEMENT losses and granted the Motion for Summary Judgment as relating to TIME ELEMENT losses.

---

[2] The facts are more fully set out in the Memorandum Opinion. To the extent any fact recited in this Order conflicts with a fact set out in the Memorandum Opinion, the Memorandum Opinion controls.

Lexington filed its Motion for Reconsideration, contending that the Court "misinterpreted, misapplied, and/or overlooked" certain Policy provisions or phrases within the provisions. Lexington also contends that there will be "unintended consequences" of the Memorandum Opinion. In its Opposition, Plaintiffs contend that the Memorandum Opinion is "cogent and correct."

### STANDARD OF REVIEW

Superior Court Civil Rule 59(e) provides that a party may file a motion for reargument "within 5 days after the filing of the Court's Order or decision."[3] The standard for a Rule 59(e) motion is well defined under Delaware law.[4] A motion for reargument will be denied unless the Court has overlooked precedent or legal principles that would have controlling effect, or misapprehended the law or the facts such as would affect the outcome of the decision.[5] Motions for reargument should not be used merely to rehash the arguments already decided by the court,[6] or to present new arguments not previously raised.[7] Such tactics frustrate the efficient use of judicial resources, place the opposing party in an unfair position, and stymie "the orderly process of reaching closure on the issues."[8]

### DISCUSSION

After reviewing the Memorandum and the arguments previously made by the parties in connection with the Motion for Judgment on the Pleadings and the Motion for Summary

---

[3] Super. Ct. Civ. R. 59(e).
[4] *Kennedy v. Invacare Corp.*, C.A. No. 04C-06-028, 2006 WL 488590, at *1 (Del. Super. Jan. 31, 2006).
[5] *Woodward v. Farm Family Cas. Ins. Co.*, C.A. No. 00C-08-066, 2001 WL 1456865, at *1 (Del. Super. Aug. 24, 2001).
[6] *Id.*
[7] *Plummer v. Sherman*, C.A. No. 99C-08-010, 2004 WL 63414, at *2 (Del. Super. Jan. 14, 2004); *see also Bd. of Managers of the Del. Crim. Justice Info. Sys. v. Gannett Co.*, C.A. No. 01C-01-039, 2003 WL 1579170, at *3–4 (Del. Super. Jan. 17, 2003) (holding that a motion for reargument is not a device for raising new arguments or stringing out the length of time for making argument), *rev'd on other grounds*, *Gannett Co. v. Bd. of Managers of the Del. Crim. Justice Info. Sys.*, 840 A.2d 1232 (Del. 2003).
[8] *Plummer*, 2004 WL 63414, at *2.

3

Judgment, the Court concludes that it did not overlook any precedent or controlling legal principles or misapprehend the law or the facts such as would affect the outcome of the decision. In its Motion for Reconsideration, Lexington is rehashing arguments it made in its briefs for the Motion for Judgment on the Pleadings and the Motion for Summary Judgment and is seeking to change the Court's mind. Though Lexington may not agree with the Court's interpretation of the Policy, the Court maintains that its interpretation in the Memorandum Opinion was correct.

**CONCLUSION**

For the foregoing reasons, the Court will deny the Motion for Reconsideration.

**IT IS HEREBY ORDERED** that the Motion for Reconsideration is **DENIED**.

Dated: May 24, 2016
Wilmington, Delaware

/s/ *Eric M. Davis*
Eric M. Davis, Judge