**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| AMERITRANS CAPITAL CORPORATION, | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | C.A. No.:  N14C-10-019 EMD |
| | ) | |
| v. | ) | |
| | ) | TRIAL BY JURY OF TEWLVE |
| XL SPECIALTY INSURANCE COMPANY, | ) | DEMANDED |
| | ) | |
| Defendant/Counterclaim Plaintiff. | ) | |

Submitted: April 15, 2016
Decided: June 15, 2016

*Upon Consideration of the Defendant XL Specialty Insurance Company's Motion for Reconsideration as to the Court's November 30, 2015 Order*
***GRANTED***

Edward M. McNally, Esquire, and Meghan A. Adams, Esquire, Morris James LLP, Wilmington, Delaware, *Attorneys for Plaintiff/Counterclaim Defendant Ameritrans Capital Corporation*.

Carmella P. Keener, Esquire, Rosenthal, Monhait & Goddess, P.A., Wilmington, Delaware and Stacey L. McGraw, Esquire, and Brandon D. Almond, Esquire, Troutman Sanders LLP, Washington, District of Columbia, *Attorneys for Defendant/Counterclaim Plaintiff XL Specialty Insurance Company.*

**DAVIS, J.**

## INTRODUCTION AND PROCEDURAL HISTORY[1]

This is a civil action concerning whether a corporation's insurance provides coverage for

costs associated with shareholder derivative demands.  Defendant and Counterclaim Plaintiff XL

Specialty Insurance Company ("XL") insured Plaintiff and Counterclaim Defendant Ameritrans

Capital Corporation ("Ameritrans") under the Management Liability and Company

---

[1] Unless specifically addressed in this Opinion, the Court relies on, and incorporates by reference, the findings of fact and conclusions of law made in the Court's Opinion entered on November 30, 2015 (the "November 30 Opinion").  By way of example, the Court is not reconsidering ruling that the November 2012 and the December 2013 Demands (as defined below) are sufficiently interrelated to treat these demands as one demand or claim under the XL Policy. *See* November 30 Opinion at pp. 14-16.

Reimbursement Insurance Policy No. ELU 123910-11 (the "XL Policy"). Presently before the Court is XL Specialty Insurance Company's Motion for Reconsideration as to the Court's November 30, 2015 Order (the "Motion for Reconsideration") filed by XL on December 7, 2015.

In this civil action, Ameritrans seeks coverage of investigation costs related to two shareholder derivative demands made by Robert Ammerman in November 2012 and December 2013 (respectively, the "November 2012 Demand" and the "December 2013 Demand"). When Mr. Ammerman made the November 2012 Demand, he was just a preferred stockholder. When Mr. Ammerman made the December 2013 Demand, he was a director and an officer of Ameritrans, in addition to being a preferred stockholder. Ameritrans and XL disagree about whether the XL Policy provides coverage for the investigation costs associated with the December 2013 Demand.[2]

On October 2, 2014, Ameritrans filed a complaint (the "Complaint") against XL. In its Complaint, Ameritrans asserted a claim for breach of contract and requested a declaration that the XL Policy covers the November 2012 Demand and the December 2013 Demand. XL filed an answer and counterclaim (the "Counterclaim") on December 8, 2014. In the Counterclaim, XL sought a declaration that the XL Policy does not cover the December 2013 Demand and, in the alternative, that any obligation XL owes to Ameritrans is subject to a fair and appropriate allocation.

Both Ameritrans and XL filed motions for judgment on the pleadings under Rule 12(c) of the Superior Court Rules of Civil Procedure ("Civil Rule 12(c)") on February 5, 2015. In Plaintiff/Counterclaim Defendant Ameritrans Capital Corporation's Motion for Judgment on the Pleadings and Plaintiff/Counterclaim Ameritrans Capital Corporation's Opening Brief in Support

---

[2] Ameritrans gave notice of the November 2012 Demand to XL. XL then provided a reservation of rights letter to Ameritrans but also requested that Ameritrans send its monthly defense bills to XL.

of Its Motion for Judgment on the Pleadings (collectively, "Ameritrans' Motion"), Ameritrans argued that XL must pay for the investigation costs arising from the December 2013 Demand. In XL Specialty Insurance Company's Cross-Motion for Judgment on the Pleadings and XL Specialty Insurance Company's Opening Brief in Support of Cross-Motion for Judgment on the Pleadings (collectively, "XL's Motion"), XL sought a declaration that it has no obligation to reimburse Ameritrans for any defense expenses or investigation costs related to the December 2013 Demand because the XL Policy bars coverage when one insured person sues another insured person. The Court held a hearing on the motions for judgment on the pleadings on August 10, 2015.

The Court granted Ameritrans' Motion and denied XL's Motion in a memorandum opinion on November 30, 2015 – the November 30 Opinion.[3] XL then filed the Motion for Reconsideration on December 7, 2015. Ameritrans filed Plaintiff Ameritrans Capital Corporation's Opposition to XL Specialty Insurance Company's Motion for Reconsideration as to the Court's November 30, 2015 Order (the "Opposition") on December 14, 2015. The Court held a hearing on the Motion for Reconsideration and the Opposition on April 15, 2016. The Court then took the Motion for Reconsideration under advisement.

The Motion for Reconsideration and the original motions for judgment on the pleadings involved several provisions of the XL Policy. The XL Policy provides coverage for "costs incurred in investigating and evaluating shareholder derivative demands."[4] This coverage is subject to an "Insured versus Insured Exclusion" listed in Section III of the XL Policy.[5] Section III, as amended, reads:

---

[3] For the specific definition of "November 30 Opinion" refer to footnote 1 of this decision.
[4] XL Specialty Insurance Company's Opening Brief in Support of Cross-Motion for Judgment on the Pleadings, Exhibit 1, Endorsement No.: 17.
[5] *Id.*, Endorsement No.: 17 § 5.

The Insurer shall not be liable to make any payment for **Loss** in connection with any **Claim** made against an **Insured Person** . . . (G) by, on behalf of, or at the direction of the Company or Insured Person, except and to the extent such Claim . . .

(i) is brought by a security holder of the Company who, when such Claim is made and maintained is acting independently of, and without the active solicitation, assistance, participation or intervention of an Insured Person or the Company;

* * *

(vi) is brought and maintained by an Insured Person:

(a) who has not served as a director, officer, member of the Board of Managers, or employee of the Company for at least Two (2) years prior to the date such Claim is first made; and

(b) who is acting independently of, and without the solicitation, assistance, participation or intervention of an Insured Person or the Company . . . .[6]

The term "Insured Person" includes any past, present, or future director, officer, or board member of the company.[7] The "Company" is Ameritrans and any subsidiaries.[8] A "shareholder derivative demand" is "a written demand, made by one or more of the shareholders of the Company upon the Company's board of directors, for the Company to bring a civil proceeding in a court of law against an Insured Person."[9] The Motion and Opposition focused on, for the most part, the exclusions listed in Section III of the XL Policy.

Another provision that became an issue in the Hearing was the "Allocation Clause." XL did not raise any argument regarding the Allocation Clause in the Motion for Reconsideration. XL did raise arguments regarding the Allocation Clause in XL's Motion. The XL Policy provided:

---

[6] *Id.*, Management Liability and Company Reimbursement Insurance Coverage Form, § III.
[7] *Id.*, Management Liability and Company Reimbursement Insurance Coverage Form, § II(J).
[8] *Id.*, Management Liability and Company Reimbursement Insurance Coverage Form, § II(D).
[9] *Id.*, Endorsement No.: 17 § 3.

4

If both **Loss** covered by this Policy and Loss not covered by this Policy are incurred, either because a **Claim** made against the Insured contains both covered and uncovered matters, or because a **Claim** is made against both the Insured and others (including the **Company** for **Claims** other than **Securities Claims**) are not insured under this Policy, the **Insured** and the Insurer will use their best efforts to determine a fair and appropriate allocation of **Loss** between the portion of Loss that is covered under this Policy and that portion of Loss that is not covered under this Policy. Additionally, the **Insured** and the Insurer agree that in determining a fair and appropriate allocation of **Loss**, the parties will take into account the relative legal and financial exposures of, and relative benefits obtained in connection with the defense and/or settlement of the **Claim** by, the Insured and others.[10]

## THE PARTIES CONTENTIONS

### A. XL'S CONTENTIONS

In the Motion for Reconsideration, XL contends that the Court misinterpreted the XL Policy. XL argues that XL is not liable for the investigation costs from an action against an Insured Person on behalf of the Company. Mr. Ammerman brought a shareholder derivative action, an action brought by shareholders on behalf of their company.[11] XL contends that Mr. Ammerman's November 2012 and December 2013 Demands, as shareholder demands, are Claims made by a shareholder on behalf of Ameritrans (i.e., the Company as defined in the XL Policy) and that the Court mistakenly treated an exception to the Exclusion as an "exclusion itself."

At the Hearing, as noted above, XL made an argument that was not raised in the Motion for Reconsideration. XL argued that the Court's interpretation of the XL Policy writes out the Allocation Clause.

---

[10] *Id.*, Management Liability and Company Reimbursement Insurance Coverage Form, § V(D).
[11] XL Specialty Insurance Company's Opening Brief in Support of Cross-Motion for Judgment on the Pleadings, Exhibit 1, Endorsement No.: 17 § 3.

**B.      AMERITRANS' CONTENTIONS**

In the Opposition, Ameritrans argues that that XL failed to show that the Court overlooked precedent or controlling legal principles or that the Court misapprehended the law or facts that would have changed the outcome of the case.  Ameritrans further contends that XL is liable for the investigation costs of the December 2013 Demand because Mr. Ammerman was not an Insured Person when he initiated the November 2012 Demand and the Insured versus Insured Exclusion does not apply.

At the Hearing, Ameritrans replied to XL's Allocation Clause argument by contending that the issue was not relevant for whether investigation costs should be paid.

## STANDARD OF REVIEW

Superior Court Civil Rule 59(e) provides that a party may file a motion for reargument "within 5 days after the filing of the Court's Order or decision."[12]  The standard for a Rule 59(e) motion is well defined under Delaware law.[13]  A motion for reargument will be denied unless the Court has overlooked precedent or legal principles that would have controlling effect, or misapprehended the law or the facts such as would affect the outcome of the decision.[14]  Motions for reargument should not be used merely to rehash the arguments already decided by the court,[15] or to present new arguments not previously raised.[16]  Such tactics frustrate the efficient use of

---

[12] Super. Ct. Civ. R. 59(e).
[13] *Kennedy v. Invacare Corp.*, C.A. No. 04C-06-028, 2006 WL 488590, at *1 (Del. Super. Jan. 31, 2006).
[14] *Woodward v. Farm Family Cas. Ins. Co.*, C.A. No. 00C-08-066, 2001 WL 1456865, at *1 (Del. Super. Aug. 24, 2001).
[15] *Id.*
[16] *Plummer v. Sherman*, C.A. No. 99C-08-010, 2004 WL 63414, at *2 (Del. Super. Jan. 14, 2004); *see also Bd. of Managers of the Del. Crim. Justice Info. Sys. v. Gannett Co.*, C.A. No. 01C-01-039, 2003 WL 1579170, at *3–4 (Del. Super. Jan. 17, 2003) (holding that a motion for reargument is not a device for raising new arguments or stringing out the length of time for making argument), *rev'd on other grounds*, *Gannett Co. v. Bd. of Managers of the Del. Crim. Justice Info. Sys.*, 840 A.2d 1232 (Del. 2003).

6

judicial resources, place the opposing party in an unfair position, and stymie "the orderly process of reaching closure on the issues."[17]

## DISCUSSION

### A. THE INSURED VERSUS INSURED EXCLUSION

After considering the Motion, the Opposition and the arguments at the Hearing, the Court believes it must reconsider or, rather, clarify part of its decision in the November 30 Opinion. However, the Court does not believe the ultimate conclusion reached in the November 30 Opinion – that Ameritrans is entitled to judgment on the pleadings – changes.

In the November 30 Opinion, the Court found that the November 2012 Demand and the December 2013 Demand are sufficiently related for the Court to treat them as one demand—specifically as the November 2012 Demand. The facts are clear that Mr. Ammerman was not an "Insured Person" at the time of the November 2012 Demand. Mr. Ammerman made the November 2012 Demand when he was a preferred stockholder.

The Insured versus Insured Exclusion provides that XL will not be liable for losses from claims against an Insured Person made "by, on behalf of, or at the direction of the Company or Insured Person." As relevant here, the following claims are subject to Section III of the XL Policy:

1. A claim made *by* the Company against an Insured Person;

2. A claim made *on behalf of* the Company against an Insured Person;

3. A claim made *at the direction of* the Company against an Insured Person;

4. A claim made *by* an Insured Person against an Insured Person;

5. A claim made *on behalf of* an Insured Person against an Insured Person; and/or

6. A claim made *at the direction of* an Insured Person against an Insured Person;

---

[17] *Plummer*, 2004 WL 63414, at *2.

Breaking down Section III in this way makes it clear that Section III of the XL Policy is not implicated under the facts of this civil action. The Court ruled this way in the November 30 Opinion, but that ruling was not as clear as it could have been because the ruling was done in the course of discussing "brought and maintained" language contained in Section III of the XL Policy.[18]

To make it clearer, the Court will refine its November 30 Opinion. The Court finds that subsection G of Section III does not apply here because Mr. Ammerman did not make his first demand on Ameritrans when he was an Insured Person. The Court previously held that the November 2012 Demand and the December 2013 Demand are to be treated as one claim under the XL Policy. Mr. Ammerman was not an Insured Person at the time of the November 2012 Demand. Therefore, Mr. Ammerman's November 2012 Demand was not a claim made against Insured Persons (the directors on Ameritrans' board in November 2012) *by, on behalf of or, at the direction* of an Insured Person. Instead, Mr. Ammerman's November 2012 Demand is a "Shareholder Derivative Demand" made by one or more of Ameritrans' shareholders upon Ameritrans' board of directors. The XL Policy clearly provides that XL shall pay on behalf of Ameritrans all investigation costs resulting solely from any Shareholder Derivative Demand.[19]

Because the exclusion to coverage does not apply, the Court does not need to determine whether the exception to the exclusion applies. The Court notes, however, that the November 30 Opinion's holding on the "brought and maintained" language in Section III could serve as an alternate ground for granting Ameritrans judgment on the pleadings in the event that the exclusion were found to apply and there were a need to address the exception to the exclusion.

---

[18] November 30 Opinion at p. 16 ("Mr. Ammerman did not bring the November 2012 Demand as an Insured Person. As such, the exclusion to coverage in Section III does not apply.").

[19] XL Specialty Insurance Company's Opening Brief in Support of Cross-Motion for Judgment on the Pleadings, Exhibit 1, Endorsement No.: 17 § 3.

The Court also notes that the holding in here does not thwart or otherwise frustrate the purpose of the Insured versus Insured Exclusion to coverage. The Insured versus Insured Exclusion is to prevent the directors, officers, and shareholders of Ameritrans from colluding to have XL fund an investigation.[20] Here, the facts do not support a finding of collusion. As the Court wrote in the November 30 Opinion, this is a unique case. Mr. Ammerman shifted from being an unhappy stockholder to being an officer and board member. When Mr. Ammerman brought the November 2012 Demand, he did not appear to be colluding with any Insured Person. As such, the situation sought to be avoided through the Insured versus Insured Exclusion is not present under the unique facts of this case.

B.    **SHAREHOLDER DERIVATIVE ACTIONS**

In the November 30 Opinion, the Court did not discuss whether the Insured versus Insured Exclusion applies to shareholder derivative actions. XL raised this issue in the Motion for Reconsideration. XL argues that the "on behalf of…the Company" language of Section III is triggered because the November 2012 Demand is a shareholder derivative claim. XL contends that the Insured versus Insured Exclusion is triggered because a shareholder derivative claim is a claim necessarily made "on behalf of…the Company." This can be disposed of quickly. Section III does provide an exception to any exclusion to coverage for shareholder suits brought independently of, and without the active solicitation, assistance or intervention of an Insured Person or Ameritrans.[21] The record here demonstrates that Mr. Ammerman made his November

---

[20] A Texas appellate court justice explained the history of insured versus insured exclusions in a dissenting opinion. *Primo v. Great Am. Ins. Co.*, 455 S.W.3d 714, 734 (Tex. App. 2015) (McCally, J., dissenting). Before insured versus insured exclusions, insureds used their insurance policies "to recoup operating losses arising from business mistakes." *Id.* Insurers created insured versus insured exclusions "to prevent the company from colluding with its officers to collect insurance benefits to cover losses." *Id.*

[21] XL Specialty Insurance Company's Opening Brief in Support of Cross-Motion for Judgment on the Pleadings, Exhibit 1, Management Liability and Company Reimbursement Insurance Coverage Form, § III.

2012 Demand independently of, and without the active solicitation, assistance or intervention of an Insured Person or Ameritrans.

Under the XL Policy, a "Shareholder Derivative Demand" is "a written demand, made by one or more of the shareholders of the Company upon the Company's board of directors, for the Company to bring a civil proceeding in a court of law against an Insured Person."[22] Under New York and Delaware law, "[a] shareholder derivative suit is a uniquely equitable remedy in which a shareholder asserts on behalf of a corporation a claim belonging not to the shareholder, but to the corporation."[23]

If the Court interpreted the Insured versus Insured Exclusion as XL argued at the Hearing, then the Court would be ignoring other provisions of the XL Policy that establish that Shareholder Derivative Demands are covered. For example, Endorsement 17 states that XL will pay Investigation Costs from "any Shareholder Derivative Demand."[24] Endorsement 17 also provides that the coverage for Investigation Costs is subject to the Insured versus Insured Exclusion.[25] Then, the Insured versus Insured Exclusion describes shareholder derivative actions as an exception to the exclusion.[26] From there, the Court's analysis in the November 30 Opinion regarding "brought and maintained" applies.[27]

## C. ALLOCATION CLAUSE

At the Hearing, XL expressed concern that the Court's finding writes out the Allocation Clause. The Court disagrees. The Allocation Clause simply does not apply to the case at hand.

---

[22] *Id.*, at Endorsement No.: 17 § 3.
[23] *REFCO Group Ltd., LLC v. Cantor Fitzgerald, L.P.,* No. 13 Civ. 1654(RA), 2014 WL 2610608, at *12 (June 10, 2014 S.D.N.Y.) (quoting *Levine v. Smith*, 591 A.2 194 (Del. 1991), *overruled on other grounds by Brehm v. Eisner*, 746 A.2d 244 (Del. 2000)) ("A shareholder derivative suit is a uniquely equitable remedy in which a shareholder asserts on behalf of a corporation a claim belonging not to the shareholder, but to the corporation.").
[24] XL Specialty Insurance Company's Opening Brief in Support of Cross-Motion for Judgment on the Pleadings, Exhibit 1, Endorsement No.: 17 § 1.
[25] *Id.*
[26] *Id.*, Exhibit 1, Endorsement No.: 8(G)(1) § 1.
[27] *See* November 30 Opinion at pp. 16-17.

10

The Allocation Clause in the Policy states that when there are covered and uncovered losses, Ameritrans and XL "will use their best efforts" to allocate the losses between what is covered by the XL Policy and what is not covered.[28]

Here, there are no uncovered losses. The Court found that the Insured versus Insured Exclusion from Section III does not apply to the investigation costs from the November 2012 Demand or the December 2013 Demand. Therefore, the Allocation Clause is not relevant in this case.

**CONCLUSION**

For the foregoing reasons the Defendant/Counterclaim Plaintiff XL Specialty Insurance Company's Motion for Reconsideration as to the Court's November 30, 2015 Order is **GRANTED**. Further, the Court hereby amends its reasoning in the November 30 Opinion as described in this decision.

**IT IS SO ORDERED.**

/s/ *Eric M. Davis*
Eric M. Davis, Judge

---

[28] *Id.*, Management Liability and Company Reimbursement Insurance Coverage Form, § V(D).