IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

PIVOTAL PAYMENTS DIRECT CORP.,  )
                                      )
             Plaintiff,        )
                                      )     C.A. No.:  N15C-02-059 EMD CCLD
                v.              )
                                      )
PLANET PAYMENT, INC.,           )
                                      )
            Defendant.      )

Submitted:  December 14, 2020
Decided:  December 23, 2020

*Upon Plaintiff Pivotal Payments Direct Corp.'s Motion for Reargument*
***DENIED***

James S. Green, Jr., Esq., Seitz, Van Ogtrop & Green, Wilmington, Delaware, Derek W. Edwards, Esquire, Todd R. Hambidge, Esquire, Waller Landsen Dortch & Davis, LLP, Nashville, Tennessee, *Attorneys for Plaintiff-Counterclaim Defendant Pivotal Payments Direct Corp.*

P. Clarkson Collins, Jr., Esquire, Patricia. A. Winston, Esquire, Morris James LLP, Wilmington, Delaware, Richard L. Crisona, Esquire, Alexander E. Ehrlich, Esquire, Allegaert Berger & Vogel LLP, New York, NY, *Attorneys for Defendant-Counterclaim Plaintiff Planet Payment, Inc.*

**DAVIS, J.**

On November 30, 2020, the Court issued its Opinion (the "Opinion") granting in part and denying in part Defendant-Counterclaim Plaintiff Planet Payment, Inc.'s Motion for Partial Summary Judgment.[1]  On December 7, 2020, Plaintiff-Counterclaim Defendant Pivotal Payment Direct Corp. ("Pivotal") filed Plaintiff's Motion for Reargument (the "Motion").[2]  Defendant-Counterclaim Plaintiff Planet Payment, Inc. ("Planet") filed its Opposition to Plaintiff's Motion

---

[1] D.I. No. 206.
[2] D.I. No. 207.

for Reargument on December 14, 2020.[3]  The Court has reviewed the Motion, the Opposition, the Decision and the entire record of this civil proceeding.  After review, the Court has determined that no hearing is necessary and, for the reasons set forth below, **DENIES** the Motion.

## I.       LEGAL STANDARD

Superior Court Civil Rule 59(e) ("Civil Rule 59(e)") provides that a party may file a motion for reargument "within 5 days after the filing of the Court's Order or decision."[4]  The standard for a Civil Rule 59(e) motion is well defined under Delaware law.[5]  A motion for reargument will be denied unless the Court has overlooked precedent or legal principles that would have controlling effect, or misapprehended the law or the facts such as would affect the outcome of the decision.[6]

Motions for reargument should not be used merely to rehash the arguments already decided by the court,[7] or to present new arguments not previously raised.[8]  In other words, a motion for reargument is "not a device for raising new arguments or stringing out the length of time for making an argument."[9]  Such tactics frustrate the efficient use of judicial resources, place the opposing party in an unfair position, and stymie "the orderly process of reaching closure on the issues."[10]

---

[3] D.I. No. 209.
[4] Super. Ct. Civ. R. 59(e).
[5] *Kennedy v. Invacare Corp.*, C.A. No. 04C-06-028, 2006 WL 488590, at *1 (Del. Super. Jan. 31, 2006).
[6] *Woodward v. Farm Family Cas. Ins. Co.*, C.A. No. 00C-08-066, 2001 WL 1456865, at *1 (Del. Super. Aug. 24, 2001).
[7] *Id.*
[8] *Plummer v. Sherman*, C.A. No. 99C-08-010, 2004 WL 63414, at *2 (Del. Super. Jan. 14, 2004); *see also Bd. of Managers of the Del. Crim. Justice Info. Sys. v. Gannett Co.*, C.A. No. 01C-01-039, 2003 WL 1579170, at *3–4 (Del. Super. Jan. 17, 2003) *rev'd on other grounds*, *Gannett Co. v. Bd. of Managers of the Del. Crim. Justice Info. Sys.*, 840 A.2d 1232 (Del. 2003).
[9] *Gannett*, 2003 WL 1579170, at *1.
[10] *Plummer*, 2004 WL 63414, at *2.

## II.    DISCUSSION

In the Motion, Pivotal requests reconsideration of the Court's findings that (i) Pivotal's fraud claims were not timely and (ii) New York law applied to Pivotal's fraud claims.

After reviewing the Opinion and the arguments previously made by the parties in connection with the Motion for Partial Summary Judgment and the Motion, the Court finds that it did not overlook legal precedent or misapprehend the law or facts such that it would affect the decision.  In its Motion, Pivotal merely rehashes arguments it made in its brief and at the hearing on summary judgment.  Though Pivotal may disagree with the Court's application of timeliness and choice of law doctrines, the Court maintains that it properly applied those doctrines to the facts of the case as set forth in the Opinion.

## III.    CONCLUSION

For the foregoing reasons, the Motion is **DENIED**.

Dated: December 23, 2020
Wilmington, Delaware

*/s/ Eric M. Davis*
Eric M. Davis, Judge

cc:  File&ServeXpress