# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

US DOMINION, INC, et al.,  )
  )
        Plaintiffs,  )
  )
        v.  )    C.A. No.: N21C-03-257 EMD
  )
FOX NEWS NETWORK, LLC,  )
  )
        Defendant.  )

Submitted:  August 12, 2021
Decided: September 13, 2021

*Upon Motion of Nonparties Defending the Republic, Inc. and Sidney Powell to Reargue Plaintiffs' Unopposed Motion for Issuance of a Commission to Issue a Subpoena Duces Tecum to Defending the Republic, Inc. Pursuant to Superior Court Rule 59(e)*
***DENIED***

Brian E. Farnan, Esquire, Michael J. Farnan, Esquire, Farnan LLP, Wilmington, Delaware, Rodney Smolla, Wilmington, Delaware, Justin A. Nelson, Esquire, Susman Godfrey LLP, Houston, Texas, Stephen Shackleford, Jr., Esquire, Elisha Barron, Esquire, Susman Godfrey LLP, New York, New York, Davida Brook, Esquire, Emily Cronin, Esquire, Brittany Fowler, Esquire, Susman Godfrey LLP, Los Angeles, California, Stephen E. Morrissey, Esquire, Susman Godfrey LLP, Seattle, Washington, Thomas A. Clare, P.C., Esquire, Megan L. Meier, Esquire, Dustin A. Pusch, Esquire, Daniel P. Watkins, Esquire, Clare Locke LLP, Alexandria, Virginia. *Attorneys for Plaintiffs US Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation.*

R. Bruce McNew, Esquire, Cooch and Taylor, P.A., Wilmington, Delaware, Howard Kleinhendler, Esquire, New York, New York. *Attorneys for Defending the Republic, Inc and Sidney Powell*

**DAVIS, J.**

On August 3, 2021, the Court entered an Order granting Plaintiffs' Unopposed Motion for Issuance of a Commission to Issue a Subpoena Duces Tecum to Defending the Republic, Inc. On August 12, 2021, Defending the Republic, Inc. and Sidney Powell (collectively, the "Nonparties") filed the Motion of Nonparties Defending the Republic, Inc. and Sidney Powell to

Reargue Plaintiffs' Unopposed Motion for Issuance of a Commission to Issue a Subpoena Duces Tecum to Defending the Republic, Inc. Pursuant to Superior Court Rule 59(e) (the "Motion"). Plaintiffs US Dominion, Inc., Dominion Voting Systems, Inc. and Dominion Voting Systems Corporation (collectively "Dominion") then filed Plaintiffs' Response to Motion of Nonparties Defending the Republic, Inc. and Sidney Powell to Reargue Plaintiffs' Unopposed Motion for Issuance of a Commission to Issue a Subpoena Duces Tecum to Defending the Republic, Inc. Pursuant to Superior Court Rule 59(e) (the "Response"). The Court has reviewed the Motion, the Response, the Order and the entire record of this civil proceeding. After review, the Court has determined that no hearing is necessary and, for the reasons set forth below, is **DENYING** the Motion.

## LEGAL STANDARD

Superior Court Civil Rule 59(e) ("Rule 59(e)") provides that a party may file a motion for reargument "within 5 days after the filing of the Court's Order or decision."[1] The standard for a Rule 59(e) motion is well defined under Delaware law.[2] A motion for reargument will be denied unless the Court has overlooked precedent or legal principles that would have a controlling effect, or misapprehended the law or the facts such as would affect the outcome of the decision.[3]

Motions for reargument should not be used merely to rehash the arguments already decided by the court,[4] or to present new arguments not previously raised.[5] In other words, a motion for reargument is "not a device for raising new arguments or stringing out the length of

---

[1] Super. Ct. Civ. R. 59(e).
[2] *Kennedy v. Invacare Corp.*, 2006 WL 488580, at *1 (Del. Super. Jan. 31, 2006).
[3] *Woodward v. Farm Family Cas. Ins. Co.*, 2001 WL 1456865, at *1 (Del. Super. Aug. 24, 2001).
[4] *Id.*
[5] *Plummer v. Sherman*, 2004 WL 63414, at *2 (Del. Super. Jan. 14, 2004); *see also Bd. of Managers of the Del. Crim. Justice Info. Sys. v. Gannett Co.*, 2003 WL 1579170, at *3–4 (Del. Super. Jan. 17, 2003) *rev'd on other grounds*, *Gannett Co. v. Bd. of Managers of the Del. Crim. Justice Info. Sys.*, 840 A.2d 1232 (Del. 2003).

time for making an argument."[6]  Such tactics frustrate the efficient use of judicial resources, place the opposing party in an unfair position, and stymie "the orderly process of reaching closure on the issues."[7]

## DISCUSSION

In the Motion, the Nonparties contend that reargument is necessary because: (i) Dominion failed to provide notice of Plaintiffs' Unopposed Motion for Issuance of a Commission to Issue a Subpoena Duces Tecum to Defending the Republic, Inc. Pursuant to Superior Court Rule 59(e) (the "Commission Motion") to counsel for Ms. Powell; and (ii) Nonparties, if served, would have opposed the Commission Motion on the grounds that it is overly burdensome and a "veiled" attempt at forum shopping.  Dominion opposes the Motion. Dominion notes that the Nonparties are not parties to this action and not entitled to service under Civil Rule 5(a).  Dominion also argues that Nonparties should have intervened in this action under Civil Rule 24 and, then, sought relief under Civil Rule 26.

The Court has reviewed the Motion and holds that Nonparties have not met the necessary standard for reargument under Rule 59(e).  The Nonparties fail to demonstrate any overlooked precedent or legal principles that would have a controlling effect, or misapprehended the law or the facts such as would affect the outcome of the Court's decision to grant the Commission Motion.

A commission or letter rogatory is an instrument sent in the name of this Court to another, requesting the latter to cause certain discovery to take place—*i.e.*, the taking of a deposition or document production.[8]  Commissions or letters rogatory are derived from the civil

---

[6] *Gannett*, 2003 WL 1579170, at *1.
[7] *Plummer*, 2004 WL 63414, at *2.
[8] *See, e.g.*, 1 WOOLLEY ON DELAWARE PRACTICE §§ 584 and 614 (1906); *Commission*, BLACK'S LAW DICTIONARY (4th ed. 1951).

law.[9]  To obtain these, a party must demonstrate that the foreign jurisdiction will not allow the discovery to be taken in any other matter.[10]  Texas has not adopted the Uniform Interstate Depositions and Discovery Act.[11]  As such, a party in a Delaware action seeking discovery from a person or corporation in Texas, not otherwise found in Delaware, must obtain a commission or letter rogatory to conduct discovery in Texas.[12]  Dominion, therefore, came to the Court for the issuance of a commission.

The Order caused the issuance of a commission to issue a subpoena *duces tecum* and nothing more.  The Court did not take away the rights of the Nonparties to move to quash the subpoena or to intervene here and obtain a protective order.[13]  Moreover, the Court has reviewed the Nonparties "objections" to the subpoena *duces tecum*.  The Court would have granted the relief sought by Dominion even if such objections had been made to the Commission Motion.  The objections go to the substance of the discovery sought and not the Court's ability to issue a commission.  The Court, in other words, would have found the Nonparties "objections" to have been premature and misplaced as to the relief sought.

The Nonparties admit that Ms. Powell's counsel had entered an appearance in this civil proceeding.[14]  The Court assumes that Ms. Powell's counsel therefor received a notification from File&ServeXpress when the Commission Motion was filed.  But, in any event, Dominions' argument regarding service under Civil Rule 5(a) is strong.  The Nonparties are not parties to this civil proceeding.  Civil Rule 5(a) requires notice on parties.  The Court will not grant reargument on the Nonparties' notice of service argument.

---

[9] *Id.*

[10] *See* 1 WOOLLEY ON DELAWARE PRACTICE § 614.

[11] *See* 10 Del. C. § 4311.

[12] D.I. No. 75 (Commission Mot. at 2, Ex. A).

[13] *See Carlyle Inv. Mgmt. L.L.C. v. Moonmouth Co. S.A.*, 2015 WL 778846 (Del. Ch. Feb. 24, 2015).

[14] D.I. No. 72.

The Court finds and determines that the Motion fails to demonstrate that the Court: (i) overlooked precedent or legal principles that would have a controlling effect, or (ii) misapprehended the law or the facts such as would affect the outcome of the Order.

**IT IS HEREBY ORDERED** that the Motion is **DENIED**.

Dated: September 13, 2021
Wilmington, Delaware

/s/ Eric M. Davis
Eric M. Davis, Judge

cc: File&ServeXpress