**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

DENNIS D. & DIANE M. BLEVINS, )
)
Plaintiffs, )
) C.A. No.: N16C-06-061 EMD
v. )
)
HOPE L. METZGAR AND ROBERT O. )
METZGAR, JR., )
)
Defendants. )
)

## ORDER (i) DENYING DEFENDANTS/COUNTERCLAIM PLAINTIFFS' MOTION FOR REARGUMENT – *DAUBERT* MOTION AND (ii) DENYING DEFENDANTS/COUNTERCLAIM PLAINTIFFS' MOTION FOR REARGUMENT – SUMMARY JUDGMENT MOTION

Upon consideration of Defendants/Counterclaim Plaintiffs' Motion for Reargument –

*Daubert* Motion (the "*Daubert* Reargument Motion") filed by Defendants Hope and Robert

Metzgar on June 13th, 2017; Defendants/Counterclaim Plaintiffs' Motion for Reargument –

Summary Judgment (the "Summary Judgment Reargument Motion") filed by Defendants Hope

and Robert Metzgar on June 13th, 2017; Plaintiffs Dennis and Diane Blevins not having

responded to the *Daubert* Reargument Motion or the Summary Judgment Reargument Motion;

the Court's June 6, 2017 Order Denying Defendants' *Daubert* Motion to Exclude Plaintiffs'

Proposed Expert Evidences (the "*Daubert* Order"); the Court's June 8, 2017 Memorandum

Opinion Denying Defendants' Motion for Summary Judgment (the "Summary Judgment

Opinion"); Superior Court Civil Rule 59(e); the entire record of this civil proceeding; and having

determined that no hearing is necessary on the *Daubert* Reargument Motion or the Summary

Judgment Reargument Motion,

1

1.  Superior Court Civil Rule 59(e) ("Rule 59(e)") provides that a party may file a motion for reargument "within 5 days after the filing of the Court's Order or decision."[1] The standard for a Rule 59(e) motion is well defined under Delaware law.[2] A motion for reargument will be denied unless the Court has overlooked precedent or legal principles that would have controlling effect, or misapprehended the law or the facts such as would affect the outcome of the decision.[3]

2.  Importantly, motions for reargument should not be used merely to rehash the arguments already decided by the court,[4] or to present new arguments not previously raised.[5] In other words, a motion for reargument is "not a device for raising new arguments or stringing out the length of time for making an argument."[6] Such tactics frustrate the efficient use of judicial resources, place the opposing party in an unfair position, and stymie "the orderly process of reaching closure on the issues."[7]

3.  As it relates to the *Daubert* Order, the Metzgars request reconsideration of the Court's finding that the Blevins' expert, Russell Carlson, applied a proper tree-valuation method for purposes of the Timber Trespass claim. As it relates to the Summary Judgment Decision, the Metzgars ask the Court to reconsider its finding that Trespass to Chattels and Conversion are permissible causes of action for damage to or removal of trees. The Metzgars argue that summary judgment is appropriate on the Trespass to Chattels and Conversion claims as a matter

---

[1] Super. Ct. Civ. R. 59(e).
[2] *Kennedy v. Invacare Corp.*, C.A. No. 04C-06-028, 2006 WL 488590, at *1 (Del. Super. Jan. 31, 2006).
[3] *Woodward v. Farm Family Cas. Ins. Co.*, C.A. No. 00C-08-066, 2001 WL 1456865, at *1 (Del. Super. Aug. 24, 2001).
[4] *Id.*
[5] *Plummer v. Sherman*, C.A. No. 99C-08-010, 2004 WL 63414, at *2 (Del. Super. Jan. 14, 2004); *see also Bd. of Managers of the Del. Crim. Justice Info. Sys. v. Gannett Co.*, C.A. No. 01C-01-039, 2003 WL 1579170, at *3–4 (Del. Super. Jan. 17, 2003) *rev'd on other grounds, Gannett Co. v. Bd. of Managers of the Del. Crim. Justice Info. Sys.*, 840 A.2d 1232 (Del. 2003).
[6] *Gannett*, 2003 WL 1579170, at *1.
[7] *Plummer*, 2004 WL 63414, at *2.

of law, and that the Court should exclude Mr. Carlson from testifying based on his improper tree-valuation method.

4. The Court does not find that it overlooked legal precedent or misapprehended the law or facts in the *Daubert* Order or the Summary Judgment Opinion. Moreover, the Metzgars raise new arguments that they did not present, but could have presented, in their initial briefing before the Court.[8] As such, the Court will not grant reargument on these new arguments. Finally, these new arguments address disputes that can be resolved by the Court at or right before trial, as opposed to on a motion for summary judgment or *Daubert* motion. Accordingly, the Court finds no basis to grant reargument.

5. The reality of this civil action is that the Metzgars have admitted to the Blevins that they removed some trees from the Blevins' property.[9] That issue is not contested. Section 1401 of Title 25 provides for a remedy when such an event occurs. The remedy may differ depending on whether the party removes the tree negligently or intentionally, but there is a remedy. The Metzgars, recognizing this, are attempting to exclude any damages evidence presented by the Blevins. The Blevins' expert characterized his opinion as "restoration" value instead of "replacement" value; however, the Court does not find this characterization to mean that the expert's testimony should be excluded. As such, the Court will allow Mr. Carlson to testify.

---

[8] For example, in the Metzgars initial motion for summary judgment, the Metzgars argued that trees constituted real property, not personal property, and that claims for Trespass to Chattels and Conversion could not be maintained based thereupon. Now, in the Summary Judgment Reargument Motion, the Metzgars argue for the first time that the common law recourse for the unlawful removal of trees is Trespass *Quare Clasum Fregit*, not Trespass to Chattels or Conversion. Additionally, in the Metzgars initial *Daubert* motion, the Metzgars argued that Mr. Carlson's "restoration plan" was not an appropriate damages valuation method because it was not the replacement cost method or the before and after method. The Court held in the *Daubert* Order that Mr. Carlson's "restoration plan" was, in effect, the replacement cost method. Now, in the *Daubert* Motion for Reargument, the Metzgars argue for the first time that the Court must strictly construe the Timber Trespass statute to limit damages to the value of the trees removed.

[9] *See* Compl. ¶ 5 ("Metzgar admitted to Blevins that they had removed some trees from the Property"); Answer ¶ 5 ("Admitted").

**IT IS HEREBY ORDERED** that Defendants/Counterclaim Plaintiffs' Motion for

Reargument – *Daubert* Motion is **DENIED** and Defendants/Counterclaim Plaintiffs' Motion for

Reargument – Summary Judgment is **DENIED**.

Dated: June 22, 2017
Wilmington, Delaware

Eric M. Davis, Judge

CC:   Donald L. Gouge, Jr., Esq.
      Richard L. Abbot, Esq.