**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| WALTER A. WINSHALL, in his capacity as the Stockholders' Representative for former Harmonix Stockholders. | ) ) ) ) | |
| Plaintiff, | ) ) | C.A. No.: N15C-06-137 EMD CCLD |
| v. | ) ) ) | |
| VIACOM INTERNATIONAL INC., a Delaware Corporation. | ) ) ) | |
| Defendant. | ) ) ) | |

**ORDER DENYING PLAINTIFF'S CORRECTED
MOTION FOR REARGUMENT AND SETTING A HEARING ON DEFENDANT
VIACOM INTERNATIONAL INC.'S MOTION FOR REARGUMENT**

Upon consideration of Defendant Viacom International Inc.'s Motion for Reargument (the "Viacom Motion") filed by Defendant Viacom International Inc. ("Viacom") on March 4, 2019; Plaintiff's Corrected Motion for Reargument (the "Plaintiff's Motion") filed by Plaintiff Walter A. Winshall, in his capacity as the Stockholders' Representative for former Harmonix On March 7, 2019; Plaintiff's Answer in Opposition to Defendant Viacom International Inc.'s Motion for Reargument (the "Plaintiff's Opposition") filed by Mr. Winshall on March 11, 2019; Defendant's Opposition to Plaintiff's Corrected Motion for Reargument (the "Viacom Opposition") filed by Viacom on March 11, 2019; the Court's February 25, 2019 Memorandum Opinion Denying Plaintiff Walter A. Winshall's Motion for Partial Summary Judgment and Granting in Part Defendant Viacom International Inc.'s Motion for Summary Judgment (the "Opinion"); Superior Court Civil Rule 59(e); the entire record of this civil proceeding; and having determined that no hearing is necessary on the Plaintiff's Motion,

1. Superior Court Civil Rule 59(e) ("Rule 59(e)") provides that a party may file a motion for reargument "within 5 days after the filing of the Court's Order or decision."[1] Rule 6(b) states that "the Court . . . may not extend the time for taking any action under Rules . . . 59(b), (d) and (e) . . . except to the extent and under the conditions stated in them."[2] Rule 59(e) does not allow for an extension.[3]

2. The standard for a Rule 59(e) motion is well defined under Delaware law.[4] A motion for reargument will be denied unless the Court has overlooked precedent or legal principles that would have controlling effect, or misapprehended the law or the facts such as would affect the outcome of the decision.[5] Importantly, motions for reargument should not be used merely to rehash the arguments already decided by the court,[6] or to present new arguments not previously raised.[7] In other words, a motion for reargument is "not a device for raising new arguments or stringing out the length of time for making an argument."[8] Such tactics frustrate the efficient use of judicial resources, place the opposing party in an unfair position, and stymie "the orderly process of reaching closure on the issues."[9]

3. In the Plaintiff's Motion, Mr. Winshall asserts that the Court improperly entered judgment against him on his claim that Viacom must indemnify the Harmonix Shareholders for

---

[1] Super. Ct. Civ. R. 59(e).

[2] Super. Ct. Civ. R. 59(e) ("A motion for reargument shall be served and filed within 5 days after the filing of the Court's opinion or decision. The motion shall briefly and distinctly state the grounds therefor. Within 5 days after service of such motion, the opposing party may serve and file a brief answer to each ground asserted in the motion. The Court will determine from the motion and answer whether reargument will be granted. A copy of the motion and answer shall be furnished forthwith by the respective parties serving them to the Judge involved.").

[3] Del. Super. Ct. Civ. R. 6(b).

[4] *Kennedy v. Invacare Corp.*, 2006 WL 488590, at *1 (Del. Super. Jan. 31, 2006).

[5] *Woodward v. Farm Family Cas. Ins. Co.*, 2001 WL 1456865, at *1 (Del. Super. Aug. 24, 2001).

[6] *Id.*

[7] *Plummer v. Sherman*, 2004 WL 63414, at *2 (Del. Super. Jan. 14, 2004); *see also Bd. of Managers of the Del. Crim. Justice Info. Sys. v. Gannett Co.*, 2003 WL 1579170, at *3–4 (Del. Super. Jan. 17, 2003) *rev'd on other grounds*, *Gannett Co. v. Bd. of Managers of the Del. Crim. Justice Info. Sys.*, 840 A.2d 1232 (Del. 2003).

[8] *Gannett*, 2003 WL 1579170, at *1.

[9] *Plummer*, 2004 WL 63414, at *2.

the personal income taxes that they incurred as a result of their profits from the merger. Mr. Winshall argues that the Court's entry of judgment was improper because: (1) the Court misconstrued *CertainTeed Corp. v. Celotex Corp.*[10] and overlooked the common law accrual rule, and (2) the Court misconstrued *LaPoint v. Amerisource Bergen Corp.*[11]

4.      The Court issued the Opinion on February 25, 2019. Under Rule 59(e), the deadline for filing a motion for reargument was March 4, 2019. Mr. Winshall filed a motion for reargument on March 4, 2019 which did not comply with the requirements for a motion for reargument. After Viacom filed a motion to strike, Mr. Winshall then filed the "corrected" Plaintiff's Motion on March 7, 2019. The Court finds that the Plaintiff's Motion is untimely because it was filed after the March 4, 2019 deadline. Accordingly, the Court must deny the Plaintiff's Motion. Alternatively, the Court has reviewed the substantive claims made in the Plaintiff's Motion and will deny it for the reasons set forth below.

**Certainteed and the Common Law Accrual Rule**

5.      In the Opinion, the Court cited *Certainteed Corp. v. Celotex Corp.*[12] for the proposition that claims for contractual indemnification accrued at the time of the underlying breach of contract. The Court held that Mr. Winshall's claim for indemnification for personal income taxes arose from the Merger Agreement and so was a claim for contractual indemnification. In accordance with the *Certainteed* case, the Court found that these claims accrued at the time Viacom breached the Merger Agreement, which occurred in or before 2011. The Court concluded that Mr. Winshall's claims were barred by both the three-year statute of limitations and *res judicata*.

---

[10] 2005 WL 217032 (Del. Ch. Jan. 24, 2005).
[11] *LaPoint*, 970 A.2d at 197-98.
[12] 2005 WL 217032, at *3 (Del. Ch. Jan. 24, 2005).

6.     Mr. Winshall claims that the Court improperly entered judgment against him on his personal income taxes claim as untimely.  Mr. Winshall alleges that the Court erred by misconstruing *CertainTeed Corp. v. Celotex Corp.*[13] and overlooking the common law accrual rule.  Mr. Winshall argues that if the Court has applied these authorities then the Court would have treated this claim as a common law claim for third-party indemnification and found that the claim was timely.  As a common law claim for third-party indemnification, Mr. Winshall contends that the claim would be timely as it would not accrue until after the payment of Mr. Winshall's and the Harmonix Shareholders' personal income taxes on profits from the merger to third-party taxing authorities.

7.     In response, Viacom contends that Mr. Winshall's argument about the common law accrual rule is completely new.  As such, Viacom claims that this new argument is an improper basis for a motion for reargument.  Next, Viacom asserts that Mr. Winshall's classification of a claim for personal income taxes as a common law claim for third-party indemnification lacks merit. This is because obligations to pay income taxes to the government are not "claims" brought by "third-parties." Finally, Viacom cites the Opinion, in which the Court found that Mr. Winshall's indemnification claim for personal income taxes is precluded by the terms of the Merger Agreement. In the Opinion, the Court found that the Merger Agreement sets forth the types of "Taxes" that fall within Viacom's indemnification obligation, and personal income taxes are not included.

8.     The Court finds that it did not overlook legal precedent or misapprehend the law or facts in the Opinion.  As Viacom notes, Mr. Winshall raises a new argument about the common law accrual rule that he did not present, but could have presented, in his initial briefing

---

[13] 2005 WL 217032 (Del. Ch. Jan. 24, 2005).

before the Court.  In addition, the Court discussed and addressed the *Certainteed* case in depth in the Opinion. Accordingly, the Court holds that there is no basis for reargument.

**Application of *LaPoint***

9. In the Opinion, the Court cited *LaPoint v. Amerisource Bergen Corp.*[14] for the proposition that a claim for indemnification for attorneys' fees first accrues only after a court issues a final determination that the plaintiff is entitled to indemnification and the defendant has failed to indemnify the plaintiff.  As in *LaPoint*, the Court held that Mr. Winshall's claim for indemnification for attorney's fees was not barred by the statute of limitations. This was because Mr. Winshall's attorney's fees claim became ripe after the Delaware Supreme Court issued its final determination in 2013 that Mr. Winshall was entitled to indemnification and Viacom failed to indemnify Mr. Winshall.  But, as noted above, the Court found that Mr. Winshall's indemnification claim for personal income taxes was governed by *Certainteed*, not *LaPoint.*

10. Mr. Winshall claims that the holding in *LaPoint v. AmerisourceBergen Corp.*[15] should not be limited to indemnification claims for attorneys' fees and costs.  Mr. Winshall is presumably arguing that the Court should apply *LaPoint* to Mr. Winshall's claim for indemnification for personal income taxes and find that this claim is not barred by the statute of limitations.  In response, Viacom contends that this argument is irrelevant because claims for personal income taxes are not claims for common law indemnification. In addition, Viacom asserts that Mr. Winshall is rehashing arguments that the Court has already decided. So, Viacom argues Mr. Winshall's argument is not appropriate for a motion for reargument.

11. The Court again finds that it did not overlook legal precedent or misapprehended the law or facts in the Opinion. In fact, the Court decided in the Opinion that the *LaPoint* case

---

[14] *LaPoint*, 970 A.2d at 197-98.
[15] 970 A.2d 185 (Del. 2009).

does not apply to Mr. Winshall's claim for indemnification for personal income taxes. Therefore, there is no basis to grant reargument.

**The Viacom Motion**

12. After review of the Viacom Motion and the Plaintiff's Opposition, the Court has determined that a hearing may assist the Court in determining the issues raised in the Viacom Motion. Accordingly, the parties should contact the Court to schedule a hearing on the Viacom Motion and the Plaintiff's Opposition.

**IT IS HEREBY ORDERED** that the Plaintiff's Motion is **DENIED**.

Dated: May 22, 2019
Wilmington, Delaware

*/s/ Eric M. Davis*
Eric M. Davis, Judge

CC:    File&ServeXpress

6