# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

SPINE CARE DELAWARE, LLC )
)
    Plaintiff, )
)
    v. )   C.A. No.: N18C-01-253 EMD CCLD
)
UNITED STATES AUTOMOBILE )
ASSOCIATION, USAA GENERAL )
INDEMNITY COMPANY, USAA )
CASUALTY INSURANCE COMPANY, )
AND GARRISON PROPERTYAND )
CASUALTY INSURANCE COMPANY )
)
    Defendants. )
)
)
)
)

Submitted: July 14, 2019
Decided: August 25, 2020

*Upon Defendants' Rule 59(e) Motion for Reargument of June 18, 2020 Decision Granting
Plaintiff's Motion for Class Certification*
***DENIED***

John S. Spadaro, Esquire, John Sheehan Spadaro, LCC, Smyrna, Delaware, Attorney for Plaintiff
Spine Care Delaware, LLC.

Lisa Z. Brown, Esquire, Samuel L. Moultrie, Esquire, Greenberg Traurig, LLP, Wilmington,
Delaware, Jay Williams, Esquire, Paula M. Ketcham, Esquire, Schiff Hardin, LLP, Chicago,
Illinois, Attorney for Defendants.

**DAVIS, J.**

    On June 18, 2020, the Court issued its decision (the "Decision") granting Plaintiff Spine

Care Delaware, LLC's Motion for Class Certification.[1] On June 25, 2020, Defendants United

Services Automobile Association, USAA General Indemnity Company, USAA Casualty

---

[1] *Spine Care Delaware, LLC v. USAA*, 2020 WL 3564706 (Del. Super. June 18, 2020).

Insurance Company, and Garrison Property and Casualty Insurance Company (collectively, the "Defendants") filed Defendants' Rule 59(e) Motion for Reargument of June 18, 2020 Decision Granting Plaintiff's Motion for Class Certification (the "Motion"). Plaintiff Spine Care Delaware, LLC's ("Spine Care") filed its Opposition to Defendants' Motion for Reargument (the "Opposition") on July 14, 2020. The Court has reviewed the Motion, the Opposition, the Decision, and the entire record of this civil proceeding. After review, the Court has determined that no hearing is necessary and, for the reasons set forth below, is **DENYING** the Motion.

## LEGAL STANDARD

Superior Court Civil Rule 59(e) ("Rule 59(e)") provides that a party may file a motion for reargument "within 5 days after the filing of the Court's Order or decision."[2] The standard for a Rule 59(e) motion is well defined under Delaware law.[3] A motion for reargument will be denied unless the Court has overlooked precedent or legal principles that would have a controlling effect, or misapprehended the law or the facts such as would affect the outcome of the decision.[4]

Motions for reargument should not be used merely to rehash the arguments already decided by the court,[5] or to present new arguments not previously raised.[6] In other words, a motion for reargument is "not a device for raising new arguments or stringing out the length of time for making an argument."[7] Such tactics frustrate the efficient use of judicial resources, place the opposing party in an unfair position, and stymie "the orderly process of reaching closure on the issues."[8]

---

[2] Super. Ct. Civ. R. 59(e).
[3] *Kennedy v. Invacare Corp.*, 2006 WL 488580, at *1 (Del. Super. Jan. 31, 2006).
[4] *Woodward v. Farm Family Cas. Ins. Co.*, 2001 WL 1456865, at *1 (Del. Super. Aug. 24, 2001).
[5] *Id.*
[6] *Plummer v. Sherman*, 2004 WL 63414, at *2 (Del. Super. Jan. 14, 2004); *see also Bd. of Managers of the Del. Crim. Justice Info. Sys. v. Gannett Co.*, 2003 WL 1579170, at *3–4 (Del. Super. Jan. 17, 2003) *rev'd on other grounds*, *Gannett Co. v. Bd. of Managers of the Del. Crim. Justice Info. Sys.*, 840 A.2d 1232 (Del. 2003).
[7] *Gannett*, 2003 WL 1579170, at *1.
[8] *Plummer*, 2004 WL 63414, at *2.

**DISCUSSION**

In the Motion, Defendants contend that reargument is necessary because: (i) they wish for further clarification on "whether the certified class is limited to facility fee bills that Defendants allegedly were precluded as a matter of law from disputing because they had deemed the underlying anesthesia bills to be compensable"[9] and (ii) the above classification is improper as it is founded upon "a misapprehension of Defendants' data systems and ability to identify those claims."[10]

The Court has reviewed the Motion and holds that Defendants have not met the necessary standard for reargument under Rule 59(e). Instead, the Defendants rehash arguments already asserted and determined by the Court.

The Court's June 18, 2020 order already set forth the exact class definition. The Court finds that the class definition is proper and will remain unchanged. The class to be certified under the Decision is:

> All persons or entities who, since September 25, 2014, submitted claims for medical-expense-related Personal Injury Protection (or "PIP") benefits under Delaware auto policies issued by United Services Automobile Association, USAA General Indemnity Company, USAA Casualty Insurance Company or Garrison Property and Casualty Insurance Company, where (i) the claim was not disputed by the insurer on grounds of insufficient documentation within 30 days of receipt; (ii) the claim was not paid by the insurer within 30 days of receipt; and (iii) though ultimately paid in whole or part, the insurer made no payment of statutory interest on the claim.[11]

For the purposes of this class definition requiring that "the claim was not disputed by the insurer on grounds of insufficient documentation within 30 days of receipt," the Court held that instances identified by the parties where a bill for a facility fee was disputed for lack of

---

[9] Defs.' Mot. at 1-2.
[10] *Id*. at 2.
[11] *Spine Care Delaware, LLC*, 2020 WL 3564706, at *4.

3

documentation to determine medical necessity can be considered undisputed and compensable in the absence of any other reason for denying coverage.[12]

The Defendants overstate the Court's discussion of this, what Defendants call, the "preclusion standard." The Court did not address the issue to create confusion as to the class definition. The Court discussed the "preclusion standard" because the Court needed to determine whether Spine Care "is in fact a member of the class it seeks to certify and represent."[13] The preclusion standard allows a person to be a class members when Defendants disputed the bills on a patently improper basis. This Court found that disputing bills for an invalid reason, such as the need for additional documentation to determine medical necessity for a facility to render anesthesia and perform a surgical procedure, did not shelter the Defendants from having to pay interest merely because they facially satisfied the administrative requirement to dispute or pay bills within the statutory 30-day period.[14]

Furthermore, the Defendants arguments regarding a misapprehension of the data systems appear to be concerned with the scope of discovery that the Plaintiff requested on June 25, 2020. The Court addressed that issue in the Decision. The Court stated that the discovery should be "very narrow and limited and certainly would not overwhelm the process."[15] The Court also stated that "the focus is on the common question of fact."[16] The Court reinforced these statements by explaining that "it should be relatively simple to discover which bills for facility fees were disputed for documentation relating to medical necessity and which bills that were

---

[12] *Id.* at *6.

[13] *Id.* at *4.

[14] *Id.* at *6 ("However, the determination of medical necessity and a request for documents proving such are not a valid purpose for which to deny coverage of a facility bill. Defendants have no valid basis to deny coverage for a facility fee unless Defendants take the position that a facility was not medically necessary for the procedure and that both the procedure and administration of anesthesia should have been performed outdoors"); *see also Spine Care v. State Farm Mut. Auto. Ins. Co.*, 2007 WL 495899.

[15] *Spine Care Delaware, LLC* 2020 WL 3564706, at *7.

[16] *Id.*

4

undisputed were paid late."[17]  In any event, Rule 59(e) is not the proper procedural device to challenge the scope of discovery.  Defendant should use other rule of civil procedure, *e.g.*, Rule 26, to address discovery disputes.

The Court finds and determines that the Motion (i) fails to demonstrate that the Court: (i) overlooked precedent or legal principles that would have a controlling effect, or (ii) misapprehended the law or the facts such as would affect the outcome of the Decision.

**IT IS HEREBY ORDERED** that the Motion is **DENIED**.

Dated: August 25, 2020
Wilmington, Delaware

*/s/ Eric M. Davis*
Eric M. Davis, Judge

cc: File&ServeXpress

---

[17] *Id*. at p. 18.