**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| FEENIX PAYMENT SYSTEMS, LLC, et al., | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. N21C-05-099 EMD CCLD |
| v. | ) ) | |
| MICHAEL BLUM, | ) ) | |
| Defendant. | ) | |

Submitted: June 26, 2024
Decided: July 16, 2024

*Upon Defendant Michael Blum's Motion to Reargue or Amend or Alter Judgment*
***DENIED***

Daniel A. Griffith, Esq., Whiteford, Taylor & Preston LLP, Wilmington, Delaware, Scott M. Hare, Esq., Jordan N. Winslow, Esq., Whiteford, Taylor & Preston LLP, Pittsburgh, Pennsylvania. *Counsel for Plaintiffs Feenix Payment Systems, LLC, FVP Opportunity Fund GP, LLC, FVP Opportunity Fund II GP, LLC, Feenix Venture Partners Opportunity Fund, LLP, FVP Smithfield, LLC, and Keith Lee.*

John A. Sensing, Esq., Jesse L. Noa, Esq., Andrew M. Moshos, Esq., Potter Anderson & Corroon, Wilmington, Delaware, Andrew Moss, Esq., Kutner Rubinoff & Moss, LLP, Coconut Grove, Florida, David B. Mishael, Esq., David B. Mishael, P.A., Coconut Grove, Florida. *Counsel for Defendant Michael Blum.*

**DAVIS, J.**

On May 29, 2024, the Court issued its Decision After Trial (the "Decision").[1] In the Decision, the Court awarded judgment in favor of Feenix on Count II and awarded damages in the amount of $11,212.50 plus applicable prejudgment interest. The Court granted Feenix leave to seek additional recovery under Civil Rule 54.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Decision.

On June 3, 2024, Mr. Blum filed Defendant Michael Blum's Motion to Reargue or Amend or Alter Judgment (the "Motion").[2] Feenix filed its Plaintiffs' Response in Opposition to Motion to Reargue or Amend or Alter Judgment (the "Response").[3] The Court has reviewed the Motion, the Response, the Decision and the entire record of this civil proceeding. After review, the Court has determined that no hearing is necessary and, for the reasons set forth below, **DENIES** the Motion.

## I.  LEGAL STANDARD

Superior Court Civil Rule 59(e) ("Civil Rule 59(e)") provides that a party may file a motion for reargument "within 5 days after the filing of the Court's Order or decision."[4] The standard for a Civil Rule 59(e) motion is well defined under Delaware law.[5] A motion for reargument will be denied unless the Court has overlooked precedent or legal principles that would have controlling effect, or misapprehended the law or the facts such as would affect the outcome of the decision.[6]

Motions for reargument should not be used merely to rehash the arguments already decided by the court,[7] or to present new arguments not previously raised.[8] In other words, a motion for reargument is "not a device for raising new arguments or stringing out the length of time for making an argument."[9] Such tactics frustrate the efficient use of judicial resources,

---

[2] D.I. No. ___.
[3] D.I. No. 209.
[4] Super. Ct. Civ. R. 59(e).
[5] *Kennedy v. Invacare Corp.*, C.A. No. 04C-06-028, 2006 WL 488590, at *1 (Del. Super. Jan. 31, 2006).
[6] *Woodward v. Farm Family Cas. Ins. Co.*, C.A. No. 00C-08-066, 2001 WL 1456865, at *1 (Del. Super. Aug. 24, 2001).
[7] *Id.*
[8] *Plummer v. Sherman*, C.A. No. 99C-08-010, 2004 WL 63414, at *2 (Del. Super. Jan. 14, 2004); *see also Bd. of Managers of the Del. Crim. Justice Info. Sys. v. Gannett Co.*, C.A. No. 01C-01-039, 2003 WL 1579170, at *3–4 (Del. Super. Jan. 17, 2003) *rev'd on other grounds*, *Gannett Co. v. Bd. of Managers of the Del. Crim. Justice Info. Sys.*, 840 A.2d 1232 (Del. 2003).
[9] *Gannett*, 2003 WL 1579170, at *1.

place the opposing party in an unfair position, and stymie "the orderly process of reaching closure on the issues."[10]

## II. DISCUSSION

In the Motion, Mr. Blum seeks reconsideration of the Court's findings that (i) Feenix's claims for $11,212.50 in damages was supported by admissible evidence; (ii) neither party was the "prevailing party" entitled to contractual attoneys' fees; and (iii) Feenix should pay Mr. Blum attorneys' fees because Feenix unnecessarily prolonged and increased the cost of litigation. Feenix opposes, contending that Mr. Blum is merely rehashing arguments already made and ruled upon by the Court.

After reviewing the Decision and the arguments previously made by the parties at trial and in post-trial briefing, the Court finds that it did not overlook legal precedent or misapprehend the law or facts such that it would affect the decision. In its Motion, Mr. Blum merely reworks arguments it made at Trial and in post-trial briefing. Though Mr. Blum may disagree with the Court's application of the facts to the claims and issues, the Court maintains that it properly arrived at the Decisions' conclusions after considering all the points raised in the Motion.

## III. CONCLUSION

For the foregoing reasons, the Motion is **DENIED**.

Dated: July 16, 2024
Wilmington, Delaware

*/s/ Eric M. Davis*
Eric M. Davis, Judge

cc: File&ServeXpress

---

[10] *Plummer*, 2004 WL 63414, at *2.