**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| SMARTMATIC USA CORP.,<br>SMARTMATIC INTERNATIONAL<br>HOLDING B.V., and SGO<br>CORPORATION LIMITED,<br><br>        Plaintiffs,<br><br>    v.<br><br>NEWSMAX MEDIA, INC., ,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No.: N21C-11-028 EMD |

Submitted:  September 13, 2024
Decided:  September 23, 2024

*Upon Defendant's Rule 59(e) Motion for Clarification or, in the Alternative, Motion for Reargument as to the Court's Motion for Summary Judgment Ruling on Punitive Damages*
**GRANTED**

Michael J. Barrie, Esquire, Kate Harmon, Esquire, Benesch, Friedlander, Coplan & Aronoff LLP, Wilmington, Delaware; J. Erik Connolly, Esquire, Nicole Wrigley, Esquire, David D. Pope, Esquire, William Walsh, Esquire, Lee B. Muench, Esquire, Lauran Tortorella, Esquire, Olivia Sullivan, Esquire, Meghan Golden, Esquire, Benesch, Friedlander, Coplan & Aronoff LLP, Chicago, Illinois. *Attorneys for Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited.*

C. Barr Flinn, Esquire, Kevin A. Guerke, Esquire, Timothy E. Lengkeek, Esquire, Lauren Dunkle Fortunato, Esquire, Michael A. Laukaitis II, Esquire, Young Conaway Stargatt & Taylor LLP, Wilmington, Delaware; Douglas D. Herrmann, Esquire, Troutman Pepper Hamilton Sanders LLP, Wilmington, Delaware; Bennet J. Moskowitz, Esquire, Troutman Pepper Hamilton Sanders LLP, New York, New York; Misha Tseytlin, Esquire, Troutman Pepper Hamilton Sanders LLP, Chicago, Illinois; Howard M. Cooper, Esquire, Joseph M. Cacace, Esquire, Josh L. Launer, Esquire, Maria A. Lombardi, Esquire, Todd & Weld LLP, Boston, Massachusetts. *Attorneys for Defendant Newsmax Media, Inc.*

**DAVIS, J.**

# I. INTRODUCTION

On September 12, 2024, the Court issued a decision granting in part and denying in part Plaintiffs' and Defendant's cross-motions for summary judgment (the "Decision").[1] On September 13, 2024, Defendant Newsmax Media, Inc. ("Newsmax") filed Defendant's Rule 59(e) Motion for Clarification, or in the Alternative, Motion for Reargument as to the Court's Summary Judgment Ruling on Punitive Damages (the "Motion").[2] Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited (collectively "Smartmatic") filed Plaintiffs' Opposition to the Defendant's Rule 59(e) Motion for Clarification, or in the Alternative, Motion for Reargument as to the Court's Summary Judgment Ruling on Punitive Damages (the "Opposition") on September 15, 2024.[3]

The Court has reviewed the Motion and the Opposition. The Court has determined that no hearing on the Motion is necessary. The Court holds that it has overlooked precedent or legal principles of Florida law that would have controlling effect, or otherwise misapprehended Florida law in a way that would have affected the Decision on the issue of punitive damages. Accordingly, the Court **GRANTS** the Motion.

## II. RELEVANT FACTS

The Court has previously set out all relevant facts in the Decision.[4]

---

[1] *See* Smartmatic USA Corp. v. Newsmax Media, Inc., 2024 WL 4165101 (Del. Super. Sept. 12, 2024) (D.I. No. 1229). Hereafter, the "Decision."
[2] *See* D.I. No. 1235.
[3] *See* D.I. No. 1248.
[4] *See* Smartmatic USA Corp., 2024 WL 41651101, at *2-11.

### III.    PARTIES' CONTENTIONS

#### A. THE MOTION

Newsmax argues that it is entitled to summary judgment on punitive damages and moves for clarification or reargument on the issue.[5] First, Newsmax contends that, "[a]s the parties have agreed … under Florida law, a defamation plaintiff must prove express malice to recover punitive damages."[6] To further support the contention that the parties have "agreed on this point of law," Newsmax refers the Court to the parties' Proposed Pretrial Stipulation and Order (the "Pretrial Stipulation").[7] In the Pretrial Stipulation, "Smartmatic recognized that 'to succeed on punitive damages and defeat any privileges, Smartmatic must also prove express malice, which will require additional evidence.'"[8] Second, Newsmax claims that Florida's standard jury instructions requires that a defamation plaintiff must prove express malice to support punitive damages claims.[9]

#### B. THE OPPOSITION

Smartmatic denies that it uses the same definition of "express malice" as Newsmax.[10] Thus, Smartmatic disagrees with Newsmax's contention that it has "agreed" that a defamation plaintiff must prove an "intent to harm" to recover punitive damages.[11] Instead, Smartmatic maintains that it utilizes the term "express malice" as an "imprecise shorthand term" "for a state of mind that is distinct from 'actual malice.'"[12] Smartmatic contends that even Florida courts

---

[5] *See* D.I. No. 1235 at 1.
[6] *Id.*
[7] D.I. No. 1218.
[8] D.I. No. 1235 at 4; *see also* D.I. No. 1218 at 62.
[9] *Id.* at 5.
[10] *See* D.I. No. 1248 at 1.
[11] *Id.*
[12] *Id.*

"have long recognized that 'express malice' is an imprecise misnomer that confuses the issue of punitive damages...."[13]

Next, Smartmatic argues that because the term "express malice" is unclear, the Florida punitive damages statute (the "Statute") is the most accurate authority to determine the instant issue.[14] Smartmatic contends that the Statute provides that a "specific intent to harm the plaintiff is not the only conduct that justifies punitive damages. Plaintiffs can recover capped punitive damages for less egregious conduct."[15] Smartmatic claims that under the Statute, punitive damages are appropriate if the fact-finder concludes that the defendant was guilty of intentional misconduct *or* gross negligence. [16] Smartmatic proffers that "both of these are distinct from an intent to harm the plaintiff."[17] Smartmatic asserts that a specific intent to harm the plaintiff is "only required to recover *uncapped* punitive damages" under the Florida statute.[18] Thus, Smartmatic asserts that even without a showing of express malice, "capped punitive damages are still available" to Smartmatic.[19]

Smartmatic goes on to argue that the "plain language of the [Statute] ... trumps any common law conceptions of the legal standard...."[20] Smartmatic highlights that the term "express malice" is not mentioned in the Statute, so imposing the additional requirement of intentional harm improperly ignores the Statute's wording.[21] "Accordingly, any Florida case law purporting to graft an 'express malice' requirement onto the statutory text is not good law."[22]

---

[13] *Id.*
[14] *Id.* at 2.
[15] *Id.*
[16] *Id.* at 2-3.
[17] *Id.*
[18] *Id.* at 3.
[19] *Id.*
[20] *Id.* at 6.
[21] *Id.* at 3.
[22] *Id.*

Smartmatic finally argues that Newsmax's argument relying on Florida's pattern jury instructions for defamation is improper because, as of November 2021, "Florida no longer has any pattern jury instructions for defamation."[23]  Smartmatic asserts that the Florida Bar "removed earlier published defamation instructions because portions of them were no longer accurate statements of the law."[24]  Smartmatic, instead, urges the Court to consider Florida's "*operative* punitive damages jury instruction that is still in effect [and] tracks the language of the Florida punitive damages statute."[25]  Smartmatic provides that the operative Florida pattern jury instruction states, "Punitive damages are warranted against [defendant] if you find by clear and convincing evidence that [defendant] was guilty of intentional misconduct or gross negligence, which was a substantial cause of damage to claimant."[26]

## IV.    LEGAL STANDARD

Superior Court Civil Rule 59(e) provides that a party may file a motion for reargument "within 5 days after the filing of the Court's Order or decision."[27]  The standard for a Rule 59(e) motion is well defined under Delaware law.[28]  A motion for reargument will be denied unless the Court has overlooked precedent or legal principles that would have controlling effect, or misapprehended the law or the facts such as would affect the outcome of the decision.[29]

Motions for reargument should not be used merely to rehash the arguments already decided by the court,[30] or to present new arguments not previously raised.[31]  In other words, a motion for reargument is "not a device for raising new arguments or stringing out the length of

---

[23] *Id.* at 4.
[24] *Id.*
[25] *Id.* at 5.
[26] *Id.*
[27] Super. Ct. Civ. R. 59(e).
[28] *Kennedy v. Invacare Corp.*, 2006 WL 488590, at *1 (Del. Super. Jan. 31, 2006).
[29] *Woodward v. Farm Family Cas. Ins. Co.*, 2001 WL 1456865, at *1 (Del. Super. Aug. 24, 2001).
[30] *Id.*
[31] *Id.*

5

time for making an argument."[32] Such tactics frustrate the efficient use of judicial resources, place the opposing party in an unfair position, and stymie "the orderly process of reaching closure on the issues."[33]

## V.   DISCUSSION

### A. "EXPRESS MALICE" IS WELL-DEFINED IN FLORIDA DEFAMATION LAW

In Florida defamation law, "express malice" is well-known to mean a specific intent to harm.[34] "Express malice under the common law of Florida, … is present where the primary motive for the statement is shown to have been an intention to injure the plaintiff."[35]

The Court need not rehash whether Smartmatic has met the standard for express malice. The Court has already found, in the Decision, that Smartmatic could not meet its evidentiary burden of proving express malice in this proceeding.[36] Smartmatic's argument that it uses the term "express malice" as an "imprecise shorthand term" to mean something else *other* than an intent to harm is unconvincing. The Court will not adopt a new meaning to a well-known legal standard under Florida law.

### B. FLORIDA REQUIRES *BOTH* ACTUAL MALICE AND EXPRESS MALICE FOR PUNITIVE DAMAGES

In *Cable News Network, Inc. v. Black*, the District Court of Appeal of Florida for the Fourth District plainly states that, in *addition* to actual malice,

> [u]nder Florida common law, to recover punitive damages a defamation plaintiff must prove "express malice" or "common law malice"—that the defendant acted with a primary motive to injure the plaintiff personally.[37]

---

[32] *Bd. of Managers of the Del. Crim. Justice Info. Sys. v. Gannett Co.*, 2003 WL 1579170, at *1 (Del. Super. Jan. 17, 2003) *rev'd on other grounds, Gannett Co. v. Bd. of Managers of the Del. Crim. Justice Info. Sys.*, 840 A.2d 1232 (Del. 2003).

[33] *See, e.g.*, 1 WOOLLEY ON DELAWARE PRACTICE §§ 584 and 614 (1906); *Commission*, PRACTICE BLACK'S LAW DICTIONARY (4th ed. 1951).

[34] *Nodar v. Galbreath*, 462 So. 2d 803, 806 (Fla. 1984).

[35] *Id.*

[36] *Smartmatic USA Corp.,* 2024 WL 41651101, at *16-17.

[37] *Cable News Network, Inc. v. Black*, 374 So. 3d 811, 816 (Fla. Dist. Ct. App. 2023).

*Black* is a recent decision—issued in 2023—on the issue of punitive damages in a defamation case. Moreover, *Black* is a case from a Florida appellate court. This Court is a trial court and must give substantial precedential weight to decisions by the Florida appellate courts.

Smartmatic argues that cases like *Black* are "not good law" because the *Black* court improperly gives priority to the common law over an applicable statute. Smartmatic, instead, asserts that the Court should apply the Statute when determining whether to allow for punitive damages. The Statute provides:

(1) In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages. The claimant may move to amend her or his complaint to assert a claim for punitive damages as allowed by the rules of civil procedure. The rules of civil procedure shall be liberally construed so as to allow the claimant discovery of evidence which appears reasonably calculated to lead to admissible evidence on the issue of punitive damages.[38]

(2) A defendant may be held liable for punitive damages only if the trier of fact, based on clear and convincing evidence, finds that the defendant was personally guilty of intentional misconduct or gross negligence. As used in this section, the term:

  (a) "Intentional misconduct" means that the defendant had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to the claimant would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury or damage.

  (b) "Gross negligence" means that the defendant's conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.[39]

---

[38] Fla. Stat. §768.72(1).
[39] Fla. Stat. §768.72(2).

The Court finds that Florida defamation law requires the presence of both actual malice and express malice for punitive damages. *Black* plainly provides Florida's punitive damage rule in defamation cases.[40] Smartmatic fails to provide any supporting caselaw for its argument that Florida courts are not properly applying punitive damage law in Florida defamation actions. Moreover, Smartmatic's argument on punitive damages (statute controls over the common law) is the position pressed by the dissent in *Black*.[41] As such, the Florida Appellate Court in *Black* considered this legal argument but chose not to follow it in the decision.

The Court notes that most of the Florida caselaw on express malice concerns how express malice is related to qualified privileges; however, that is not the issue raised in the Motion. Thus, because there is controlling precedent, the Court need not consider the applicability of the Statute over the rule enunciated in *Black*.[42]

Finally, the Court notes that Smartmatic *did* agree with Newsmax about this issue in the Pretrial Stipulation. In the Pretrial Stipulation and Order, Smartmatic provides the following language: "Third, to succeed on ***punitive damages*** and defeat any privileges, Smartmatic ***must also*** **prove** *express* **malice**, which will require additional evidence."[43] So, the Court finds that Smartmatic understands Florida law on punitive damages and used the standard set out in *Black* when Smartmatic provided its portion of the Pretrial Stipulation.

---

[40] *Black*, 374 So. 3d at 816.
[41] *Id*. at 819-22.
[42] A review of Florida decisions does reveal that Florida courts are not always precise on how this issue is characterized. Some use the term "common law malice" and other use the term "express malice" when discussing the applicability of punitive damages in defamation cases. However, the law in Florida is that in order to sustain an award of punitive damages, the plaintiff must present that the defendant's feelings toward the plaintiff evidenced ill will, hostility or evil intent. *See, e.g., Matthews v. Deland State Bank*, 334 So. 164, 166 (Fla. App. 1976) ("In order to award punitive damages in a libel action, ill will, hostility or an evil intention to defame and injure, must be present."); *see also Hunt v. Liberty Lobby*, 720 F.2d 631, 650 (11th Cir. 1983). *Black*, however, clarifies that express malice and common law malice are the same for purpose of punitive damages in a defamation case. *Black*, 374 So. 3d at 816.
[43] *See* D.I. No. 1218 at 62 (emphasis supplied—not in original).

### C. FLORIDA DOES NOT CURRENTLY PROVIDE DEFAMATION JURY INSTRUCTIONS

As a supplementary matter, the Court observes that Florida does not currently provide defamation jury instructions. The Civil Jury Instructions page on the Florida Bar website states, "The Committee removed earlier published defamation instructions because portions of them were no longer accurate statements of law. The Committee will consider bringing forth a revised set of instructions in the future. (Deleted November 19, 2021.)"[44] Thus, the Court did not use the jury instructions, as argued by Newsmax, because Florida's defamation jury instructions are not instructive on the issue here.

## VI. CONCLUSION

For the reasons stated above, the Court **GRANTS** the Motion. The Court will not allow the jury to consider the issue of punitive damages in the trial.

**IT IS SO ORDRED**

September 23, 2024
Wilmington, Delaware

*/s/ Eric M. Davis*
Eric M. Davis, Judge

cc:     File&ServeXpress

---

[44] *Civil Jury Instructions,* THE FLORIDA BAR, https://www.floridabar.org/rules/florida-standard-jury-instructions/civil-jury-instructions/civil-instructions/#405 (last visited September 20, 2024).